## Tobin *versus* Morgan.

1. In voting a tax it was stated in the minutes that all the school directors were present; and that the vote was unanimous, but the names of the members voting in "the affirmative and negative," were not entered on the minutes. *Held* to be a substantial compliance with the 4th section of Act of April 11th 1862.

2. The section contemplates recording the ayes and nays, only when there are votes on both sides.

3. A bounty tax was assessed on Tobin, warrant issued and demand made; afterwards he entered into the military service of the United States. *Held*, that he was not exempt under the 4th section of Bounty Act of March 25th 1864, exempting property of soldiers.

4. He was liable to the tax when it was levied; his subsequent enlistment did not release him.

November — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county:* No. 186, to October and November Term 1871.

This was an action of assumpsit commenced, May 21st 1868, by Maria Tobin against David Morgan.

On the 22d of June 1864, the school board of Spring Hill township met; the minutes show that all the directors were present. At that meeting they resolved to levy a tax of $9500 to pay bounty to fill the quota of the township under the late calls of the President of the United States for volunteers. It was stated on the minutes that the resolution "passed unanimously," but the names of the members *voting* were not entered on the minutes. Martin H. Tobin was assessed with tax amounting to $138.75. Lee Tate, Jr., was appointed collector of this bounty tax, and the warrant of collection was placed in his hands; he afterwards appointed David Morgan, the defendant, his deputy.

On the trial before Gilmore, P. J., the plaintiff, who was the widow of Martin H. Tobin, proved that her husband had been mustered into the United States service for three years on the 13th of October 1864, and died after August 20th 1865; that in January or February 1865, she paid to Morgan $138.75, the tax assessed against her husband. She testified that when she paid the tax, she protested against the right to demand tax, on the ground that her husband was in the military service of the country; that she paid it under a threat by the collector, that he would levy on her property if the tax was not paid; that the property he was about levying on was her own.

The defendant gave evidence that he had demanded the tax from Tobin several times before he went away; he had retained enough from the taxes collected by him to meet this claim.

The Bounty Act of March 25th 1864, Pamph. L. 85, provides that the property of non-commissioned officers or privates in the

[Tobin *v.* Morgan.]

actual service of the United States, or such as have died in the service, and the property of widows, &c., of such soldiers who died in the service, shall be exempted from taxation under that act.

The court charged the jury that plaintiff was not entitled to recover. That even supposing the Act of Assembly exempting persons in service would reach this case, the application for exemption should have been made to the school board. Nothing of this kind was done, and the defendant having received the money (even under protest) cannot be made to repay the same in this action.

The verdict was for the defendant, who took out a writ of error and assigned the charge of the court for error.

*W. H. Playford* and *D. Kaine*, for plaintiff in error.

*C. E. Boyle*, for defendant in error.

The opinion of the court was delivered, May 13th 1872, by

SHARSWOOD, J.—The objection to the legality of the tax levied by the school directors of Spring Hill township, because in voting the tax, the names of the members voting both in the affirmative and negative were not entered on the minutes of the board by the secretary, in accordance with the fourth section of April 11th 1862, Pamph. L. 472, does not appear to have been made below, and being purely technical, is entitled to no favor here. However, it is clear that the law was substantially, if not literally complied with. The minutes state that all the members were present, and the resolution imposing the tax was passed unanimously. The act evidently contemplated that the ayes and nays should be recorded only when there were members voting both in the affirmative and negative.

We think that Martin N. Tobin was not entitled to exemption under the fourth section of the Act of March 25th 1864, Pamph. L. 86. The tax was levied on the 22d of June 1864. Tobin was not mustered into the service until October 13th 1864. Before that his liability for the tax was complete, and it had been demanded of him several times by the collector. When he was taxed he was subject to the tax, and his subsequent enlistment did not release him from the responsibility.

Judgment affirmed.