# School District of Dennison Township *versus* Padden.

1. In the selection of school teachers, the provisions of the Act of April 11th 1862, must be strictly complied with.   The act requires that teachers shall be selected by the school board.    *Held,* that a contract between the president and secretary of the board, and a teacher, without the concurrence of the board was invalid and could not be enforced.

2. It seems that no contract for the employment of teachers should extend beyond the current year.

March 12th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Luzerne county :* Of July Term 1878, No. 17.

This was an action by Martin Padden against the School District of Dennison township, to recover the wages alleged to be due by said district to the minor daughter of plaintiff as a teacher. The action was originally brought before an alderman, who gave judgment for the plaintiff, when defendant appealed.    At the trial before Stanton, J., the plaintiff gave in evidence an agreement under seal between Rosa Padden, the daughter of plaintiff, and the President of the School Board, by the terms of which Miss Padden was to teach in a certain school for the period of six

months.   This agreement was signed by Miss Padden and by the president of the board, and countersigned by its secretary.   Miss Padden received her pay for two months.

The defendant offered to show that the school board had passed a resolution naming the time for vacation during the summer months: that Miss Padden had notice of this resolution and refused to comply therewith, and that in consequence thereof she had been dismissed by a resolution of the board.   The court refused to admit this evidence.

In the general charge the court, inter alia, said:—

" Mr. O'Dea was the president of this board.   Mr. McDermot was its secretary, and as far as we are informed on the law, it is within their province to make and execute contracts, with the approval of the school board.   We have no hesitation, therefore, in saying to you that this agreement offered in evidence is entirely legal, and stands upon a legal foundation."

The verdict was for the plaintiff.   The defendant assigned for error the rejection of the foregoing offer of evidence.

*E. S. Osborne,* for plaintiff in error.—Rosa Padden was never legally employed by the board, and, therefore, was not entitled to recover.   Sect. 4, Act April 11th 1862, Pamph. L. 472, provides, that no teacher shall be appointed in any common school district, except by the affirmative votes of a majority of the whole number of the directors or controllers thereof; and in each of said cases the names of the members voting both in the affirmative and the negative, shall be so entered on the minutes of the board by the secretary.   There was no evidence before the court below, that Miss Padden was ever appointed a teacher as required by this act. The case rested entirely upon the contract.

School directors have the right and power to dismiss teachers when, in their opinion, the interests of the schools require it: Burton *v.* Fulton et al., 13 Wright 151.

*John T. Lenahan* and *John Lynch,* for defendant in error.—The board recognised Miss Padden as a teacher, by paying her for the months she actually taught the salary agreed upon by the president and secretary with her, and by receiving and approving her reports for those months; thus the board ratified the contract made by its officers, and although the original hiring may not have been in strict compliance with the Act of 1862, the district is bound to pay her the salary agreed upon, until she is legally discharged.

Mr. Justice GORDON delivered the opinion of the court, May 7th 1879.

It is very certain that O'Dea, the president of the board of directors, had no power, merely by virtue of his office, to employ teachers.

By the Act of April 11th 1862, teachers can only be selected by the school board, and so specific is this act, upon this subject, that it requires the names of the members voting, both in the affirmative and negative, to be recorded upon the minutes. This is the only manner in which teachers can be selected, and, from the very nature of things, this power cannot be delegated. Before effect could be given to the contract, exhibited by the plaintiff, it was necessary to show, not only that O'Dea was the regularly constituted agent of the board, but that Miss Padden had been selected as a teacher by the previous action of the directors.

This statute is a valuable one, intended to compel the expression of each individual member of the school board on a subject all-important in the public education, and this for the very purpose of preventing jobbery, and the exercise of a one-man power, in the conduct of our common schools; we are, therefore, not inclined to permit the abrogation of its force and efficiency by a weak construction designed to meet a particular case.

The plaintiff failed in that he did not show authority in the pretended agent who executed the contract, and in that he did not show that his daughter had been previously designated by the board as one for the services of whom such a contract might be made. But not only was this contract unwarranted in itself, but the court permitted it to be used to override a previous resolution of the board, of April 28th 1877, by which the vacation for the months of July and August had been ordered, and so to absolutely strip that body of its proper and lawful discretion in the government of the schools. On the 7th of July, the directors ordered the vacation already directed by the ordinance above mentioned, but to this the contract of O'Dea was opposed, and to it the court below gave effect, to the exclusion of the action of the board. This was all wrong. O'Dea and the secretary were not the school board, and their assumption of power was wholly unwarranted. Even supposing the contract to have been properly authorized, it, nevertheless, could not take from the public authorities the reasonable control and government of the schools. In every contract for the employment of teachers, such power must be taken to be reserved, otherwise great detriment might result to the administration of this important public trust and its efficiency might be seriously crippled. Public officers cannot, by contract, or otherwise, make over to private persons, their functions or powers, for these are committed to them for the public welfare and not for private gain. As long as their contracts do not compromise the common good, or tend to defeat the purposes for which they are elected, they may be enforced, but when they pass this line they have no legal efficacy.

Judged by this standard, the resolution of the 7th of July, seems to us, to have been but a reasonable and proper exercise of official discretion, and should have been admitted in evidence. For the

[School District of Dennison Township *v.* Padden.]

two months which Miss Padden taught, she was entitled to pay, not because of the contract made with the president, but because the school district had, without objection, received her services; for these two months' services she received full compensation; this was all she had a right to demand, and, so, it follows, that the present action was not well brought.

We may take occasion to say here, that no contract for the employment of teachers should extend beyond the current school year. There are two reasons why such contracts should not be allowed: first, the incoming board should be left free to act for itself, unencumbered by the acts of its predecessor; second, the action of the county superintendent in refusing, as he may, certificates to teachers thus employed, may give rise to serious embarrassments and lead to disputes and complications that should, when possible, be avoided.

Judgment reversed.