## J. E. WHITEHEAD v. NORTH H. SCH. D.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY.

Argued October 8, 1891—Decided November 9, 1891.
[To be reported.]

(*a*) In an action by a teacher against a school district, upon a written contract of employment signed by the president and secretary of the school board, the affidavit of defence did not deny the validity of the contract, but averred that plaintiff had been dismissed for cause. The plea was " non assumpsit, with leave to give in evidence the special matter contained in the affidavit of defence."

(*b*) Rules of Court provide that when the plaintiff has filed, on or before the return day, a specification of his claim under oath, averments therein not denied by the affidavit of defence shall be taken at the trial as admitted, and in an action on a written contract, a copy of which has been filed with the narr, its valid execution need not be proved unless denied by affidavit filed with or before the plea:

1. The plaintiff having complied with the rules referred to, the effect of the affidavit of defence was to dispense with the necessity of proving his employment by producing a minute thereof in the form prescribed by § 4, act of April 11, 1862, P. L. 471, notwithstanding the plea of non assumpsit; and it was unnecessary that the affidavit be formally offered in evidence.

2. If, however, the plaintiff's employment had been denied, it would have been necessary for him to show that the contract was executed by the authority of the board of school directors, in accordance with the requirements of the act of 1862: Cascade Sch. D. v. School D., 43 Pa. 318; Dennison Sch. D. v. Padden, 89 Pa. 395; Dyberry Sch. D. v. Mercer, 115 Pa. 559: Per Mr. Justice CLARK.

3. Under said § 4, act of 1862, the minutes of the school board are the best evidence of their action in dismissing a teacher for one of the causes specified in par. V., § 23, act of May 8, 1854, P. L. 622, and in the absence of corruption, bad faith, or a clear abuse of power, they are conclusive. Parol testimony is therefore inadmissible to establish the existence of such cause of dismissal.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 88 October Term 1891, Sup. Ct.; court below, No. 586 May Term 1888, C. P.

On April 28, 1888, Jacob E. Whitehead brought assumpsit against the school district of North Huntingdon township. The plaintiff's statement of claim, verified by his affidavit and filed with the præcipe, averred in substance that by a contract in writing the defendant school district employed the plaintiff to teach in Byerly school house No. 4, for a term of seven months beginning in September, 1887, at a salary of $40 per month; that the plaintiff entered upon the performance of his duties as a teacher at said schoolhouse on September 12, 1887, and continued to discharge the same until December 19, 1887, when he was dismissed and ousted from his school by the defendant, without reasonable cause and for none of the causes specified in paragraph V., § 23, act of May 8, 1854, P. L. 622; that during all the term specified in the contract the plaintiff was ready and willing and able to perform his part thereof, and by reason of his dismissal and ouster he had been damaged in the sum of $160. Appended to the statement of claim was an account charging the defendant with seven months' salary, at $40 per month, $280, and giving credit for cash paid on account, $120. A copy of the written contract was also appended. It purported to be signed on behalf of the defendant by John Wilson, president of the board of school directors, and countersigned by A. Locke, secretary.

The defendant filed an affidavit of defence, averring, in sub-

Statement of Facts.

stance, that the plaintiff was charged on November 2, 1887, with having inflicted cruel and severe punishment and treatment on Mary Billingsly, a pupil in the school taught by him, and that after an investigation of the charge the board of school directors, convened in session on November 12, 1887, requested the plaintiff to resign his position as teacher; that the plaintiff refused to resign, and on November 17, 1887, the board of directors, by unanimous resolution, dismissed him from his employment as teacher, the dismissal to take effect at the end of said month, of which dismissal the plaintiff had due notice, and if he continued to teach said school thereafter, until December 19th, he did so in violation of the action of the directors as aforesaid, and contrary to the notice so given him ; that, under and by virtue of the contract upon which the plaintiff's action was brought, there was reserved to the board of directors the right to dismiss the plaintiff for any of the causes specified in paragraph V., § 23, act of May 8, 1854, P. L. 622, one of which is cruelty ; " and in pursuance of the power and discretion vested in them by the above-recited act of assembly, the terms of said contract and in discharge of their duties as directors, they having dismissed the said plaintiff as aforesaid from his employment aforesaid for the cause of cruelty, so as aforesaid investigated and established, they deny any and all liability of the defendant to the plaintiff as alleged in his affidavit of claim."

The defendant subsequently pleaded non assumpsit, with leave to give in evidence the special matter contained in the affidavit of defence, the same being referred to and made part of the plea.

Among the Rules of the court below were the following :

" 6. In actions founded upon deed, bond, bill, note or other instrument of writing, a copy of which shall be filed with or before the declaration, it shall not be necessary for the plaintiff on the trial to prove the execution thereof, or the handwriting of the makers, drawers, indorsers or acceptors thereof; but the same shall be taken as admitted, unless the defendant by affidavit, filed with or before his plea, shall deny that the same was executed by him or with his authority, or that the handwriting is the proper handwriting of said parties."

" 8. If the plaintiff shall file, on or before the return day of

the writ, a specification of the items of his claim and a statement of the facts necessary to support it, verified by affidavit, such items of the claim and material averments of fact as are not directly traversed or denied by the affidavit of defence shall be taken as admitted."

At the trial, on March 5, 1890, the plaintiff offered in evidence the contract set out in the statement of claim, as having been admitted by the pleadings. The court, overruling an objection by defendant's counsel, admitted the offer, whereupon the contract was read to the jury. The plaintiff then testified that in pursuance of that contract he taught the Byerly school from September 12, to December 19, 1887, when the directors told him to cease teaching and demanded the key from him; and that for the time he actually taught there was owing to him from the school district $132, of which he had been paid $120. On cross-examination, he stated that he had been called before the board for a hearing in regard to some trouble in the school, before he was notified to quit teaching.

The plaintiff's case being rested, the defendant called Mary Billingsly and made the following offer:

Defendant's counsel propose to prove by the witness on the stand, who is the young girl on whom the cruelty, as is charged by the defendant, was committed, the conduct of the teacher in the school at the time; to establish and show for what purpose he was discharged by the directors: for the purpose of showing justification of the conduct on the part of the directors, and to show further that the plaintiff is not entitled to recover under the contract.

Objected to, as incompetent and irrelevant.

By the court: Objection overruled, offer admitted; exception.[1]

The witness then testified that she was a pupil in the Byerly school; that the plaintiff on November 2, 1887, knocked her down by striking her on the face, rendering her insensible, and causing her face to swell so as to entirely close one of her eyes. Other witnesses testified for the defendant in corroboration of this testimony.

The defendant called also John Wilson, the president of the board of school directors, and proposed to show by him the nature and character of the investigation of the charges of

cruelty preferred against the plaintiff; how the investigations were conducted, and when the teacher, the plaintiff, was dis missed by the board, and for what reason: this for the purpose of showing that the defendant complied with the law in the hearing and investigation, and that the plaintiff was dismissed properly and legally; and to show that the contract produced in evidence is void thereby.

To which offer counsel for the plaintiff objected because it was incompetent and irrelevant: (1) Because the only evidence of dismissal which the law recognized is the minutes of the board of directors. (2) Because it was incompetent and irrelevant whether the board acted upon sufficient or insufficient evidence, so that the board, as such, took action in the manner directed by the act of assembly. (3) The minutes of the board were the best evidence, and secondary evidence was not admissible when the minutes themselves might be produced.

By the court: Objection overruled; exception.[2]

The testimony of this witness was substantially to the same effect as the averments contained in the affidavit of defence and he was corroborated by other members of the board.

The defendant offered in evidence a minute of the board of school directors, reading as follows:

" Mr. J. E. Whitehead, teacher at Byerly's, demanded a hearing of the board. After a long discussion of his case of cruelty, the board resolved to dismiss him, Mr. J. E. Whitehead, and notified him verbally that he should cease to teach at the end of November."

Objected to.

By the court: Offer admitted; exception.[3]

The testimony being closed, the court, DOTY, P. J., charged the jury in part as follows:

The plaintiff alleges that the dismissal was illegal, and that it does not operate as a defence. This claim is based on the fourth section of the act of April 11, 1862. This section provides substantially as follows: That whenever a teacher is appointed or dismissed by any school board, it must appear that it was by the affirmative votes of a majority of the whole number of directors or controllers; and in such case the names of the members voting both in the affirmative and negative shall

Charge of Court below.

be so entered on the minutes of the board by the secretary. Now, it has been repeatedly held by the Supreme Court that in the appointment and dismissal of teachers in a school district, the provisions of the act of assembly must be strictly complied with. These minutes, therefore, in order to comply with this act of assembly, ought to show either the names of the members voting both in the affirmative and negative of the question of dismissal, or that all the school directors were present, and that the vote was unanimous upon that question. But these minutes do not show either the names of those voting upon the affirmative or negative of the question, nor do they show that the whole board was present and that the vote was unanimous. Nor was it competent, we now think, to introduce parol evidence to show that the whole board was present and that the vote was unanimous. The minutes ought to disclose this fact, if fact it be, upon their face.

[But this act of assembly, like any other rule of evidence, is intended to operate equally on all parties. The plaintiff is controlled by it as well as the defendant, and before the plaintiff can recover he must show that he was legally employed. Exhibiting a contract signed by himself and the president and secretary of the school board, is not such an employment as is required by this act of 1862. He fails to bring himself within the requirements of this statute, and this is the foundation of his claim. The able counsel who represent the plaintiff, contend that technically, if not actually, they have shown the existence of a legal employment or contract with the defendant township. In this contention we do not agree. It is alleged that the plaintiff's narr sets forth such employment, but the plea here is non assumpsit, which denies any such employment. It is further alleged, however, that under provisions of a Rule of Court which we have, the affidavit of claim sets forth that the employment was legally made, and that this averment in the affidavit of claim is not denied in the affidavit of defence which is filed in the case. The only way in which advantage can be taken of this Rule of Court, however, is by making a formal offer so as to bring the matter in evidence before the court and jury; a formal offer of the affidavit of claim in so far as it is not contradicted by the affidavit of defence. That was not done in this case; so that the matter is not before the court and the

jury ; and we have no evidence whatever of any employment in accordance with the provisions of this act of 1862, unless it be the mere contract which is signed by the president and secretary of the board, and which is in evidence.   This we regard as insufficient.   We think, therefore, that the plaintiff has failed to make out such a case as will justify a recovery upon his part. The court, therefore, assumes the responsibility of this case, with this view of the law, and we therefore direct you to return a verdict in favor of the defendant.] [4] . . . . .

—The jury returned a verdict for the defendant as directed. Judgment having been entered, the plaintiff took this appeal, assigning for error:

1–3. The admission of defendant's offers.[1 to 3]

4. The part of the charge embraced in [ ] [4]

*Mr. Vin. E. Williams* (with him *Mr. Wm. A. Griffith*), for the appellant :

1. The principal error of which we complain is the instruction that the plaintiff had failed to make out his case, in the face of the Rules of Court relating to admissions for the purposes of trial, and the contract made by the defendant and read in evidence.   Admitting that " upon a question of the construction or application of its own rules, a court can be reversed only for manifest and material error," as was said in Bair v. Hubartt, 139 Pa. 96, we submit that in the present case such manifest and material error appears.   In Dyberry Sch. D. v. Mercer, 115 Pa. 559, the employment of the plaintiff was denied, and proof of it, in the manner prescribed by act of April 11, 1862, P. L. 471, was therefore incumbent on her.   But, in the case at bar, the affidavit of defence did not deny that the plaintiff was legally elected a teacher, or that the president and secretary had authority to execute the contract.   Under the Rules of Court, the plaintiff was thus relieved from the necessity of making proof.

2. The admission of oral proof to show that the plaintiff had unreasonably punished one of his pupils, was error.   Under the act of April 11, 1862, the only competent proof of his dismissal for that cause, would be a record thereof, kept in the manner prescribed by the act: Dennison Sch. D. v. Padden, 89 Pa. 395; Cascade Sch. D. v. Lewis Sch. D., 43 Pa. 318;

Dyberry Sch. D. v. Mercer, 115 Pa. 559; 1 Dillon on Mun. Corp., §§ 299, 300; 1 Whart. Ev., §987. The record of the action of the board, given in evidence, failed to show the particulars required by the act to be recorded. It was therefore incompetent to prove the fact of dismissal, and the defence failed. A servant discharged before the expiration of his term of employment without sufficient cause, is prima facie entitled to recover wages for the whole term; and the burden of showing that by reasonable efforts he might have found employment is upon the employer: Emery v. Steckel, 126 Pa. 171; King v. Steiren, 44 Pa. 99; Kirk v. Hartman, 63 Pa. 107; Wolf v. Studebaker, 65 Pa. 459; Chamberlin v. Morgan, 68 Pa. 168.

*Mr. John F. Wentling* (with him *Mr. J. R. Spiegel, Mr. M. N. McGeary* and *Mr. David A. Miller*), for the appellee:

Upon the trial of the case, the plaintiff did not attempt to prove any proper employment in accordance with the act of April 11, 1862, P. L. 471. The facts of this case are identical with those of Dennison Sch. D. v. Padden, 89 Pa. 395, and that case rules this. Here, as there, the plaintiff has been paid for all the time he actually taught. The doctrine of the case cited was reiterated in Dyberry Sch. D. v. Mercer, 115 Pa. 559. But the appellant complains that his employment was not denied in the affidavit of defence. Certainly it was not, for it had never been properly averred by the plaintiff. However, the plea of non assumpsit was a denial of all liability, and a complete denial of employment, if alleged by the plaintiff, notwithstanding the Rules of Court cited by appellant: Fisher v. Ball, 93 Pa. 390; Gaw v. Wolcott, 10 Pa. 43; Blessing v. Miller, 102 Pa. 48. The court below further ruled that, even if the employment had been admitted by the pleadings, it was not a matter of evidence before the jury, because the alleged admission in the pleadings had not been put in evidence. This is good law and disposes of the plaintiff's case in any event. The construction of its own rules has always been peculiarly a question for the lower court: Bair v. Hubartt, 139 Pa. 99.

OPINION, MR. JUSTICE CLARK:

Section 4, act of April 11, 1862, P. L. 471, declares that "no tax for school or building purposes shall be levied, no resolu-

tion shall be adopted for the purchase or sale of any school real estate, no schoolhouse shall be located or its location abandoned or changed, no teacher shall be appointed or dismissed, . . . . except by the affirmative votes of a majority of the whole number of directors or controllers thereof; and in each of said cases, the names of the members voting both in the affirmative and negative shall be so entered on the minutes of the board by the secretary," etc.   And in Dennison School D. v. Padden, 89 Pa. 395, and Dyberry School D. v. Mercer, 115 Pa. 559, it was held that in the employment and dismissal of teachers, the requirements of the act must be strictly complied with.

In the first case cited, the plaintiff gave in evidence what purported to be an agreement under seal between Rosa Padden, the plaintiff's minor daughter, and the school board, by the terms of which, in consideration of certain monthly wages she was to teach in a certain school for the period of six months. The agreement was signed by her and by the president of the board, and was countersigned by the secretary.   She taught and received pay for two months, when, for neglect and refusal to obey the instructions of the board she was by formal resolution dismissed.   It was held that a contract between the president and secretary of the board, and a teacher, without the concurrence of the board, was invalid and could not be enforced.   "By the act of April 11, 1862," says Mr. Justice GORDON, in the opinion filed, "teachers can only be selected by the school board; and so specific is this act, upon this subject, that it requires the names of the members voting, both in the affirmative and negative, to be recorded upon the minutes. This is the only manner in which teachers can be selected, and from the very nature of things, this power cannot be delegated. Before effect could be given to the contract exhibited by the plaintiff, it was necessary to show, not only that O'Dea was the regularly constituted agent of the board, but that Miss Padden had been selected as a teacher by the previous action of the directors."   The case last cited was also an action by a school teacher against the school district, to recover damages for refusing to permit her to teach during the term for which she alleged she was employed.   Although it appeared that she had actually taught four months, and received payment there-

for, and from the declarations of the members of the school board, that she was to teach three months more, it was held that, in the absence of evidence of her appointment by the minutes of the school board, according to the requirements of the statute, she could not recover. To the same effect, also, is Cascade School D. v. Lewis School D., 43 Pa. 318.

In the case at bar, however, the due execution of the contract in suit was admitted. By the nineteenth section of the act of May 8, 1854, P. L. 620, it is provided that all deeds and other contracts in writing, made by a school district, shall be signed and sealed by the president of the board of directors or controllers, and countersigned by the secretary. The contract in suit was executed in this form. The suit was founded upon the contract, and a copy thereof was filed with the statement and affidavit of claim. The contract was set forth in the statement to be what it purported to be, the contract of the school district, and binding upon the district as such. In the affidavit of defence the validity of the contract is admitted; the defence set up is based upon its terms and conditions. It is not pretended, or in any way intimated or suggested, that it was not executed by authority of the board, in accordance with the requirements of the statute. The facts affecting its execution were peculiarly within the knowledge of the board, and if it was invalid upon that ground, the affidavit of defence should have set forth the fact. On the contrary, the defence set forth in the affidavit was that the plaintiff, whilst in charge of the Byerly school No. 4 as teacher of said school, had perpetrated acts of cruelty upon a certain child in his care and custody as a teacher; and that, upon a full and fair investigation, he had by resolution of the board been requested " to resign as teacher of said school; " that he had refused to resign, and thereupon, " for the cause of cruelty, as above set forth, he was, by the unanimous resolution of the board of directors, afterwards dismissed and discharged from his employment as teacher " on the last day of November, of which the plaintiff had due notice; and that, if the plaintiff continued to teach after that date, " he did so in violation of the action of the board of directors, and contrary to the notice to cease the employment as aforesaid." The last clause of the affidavit of defence is as follows, viz.:

" The said defendant further avers that under and by virtue

of the terms of the contract upon which the said plaintiff brings
this action, the said defendant reserved to the board of direc-
tors the right to dismiss the said plaintiff for any of the causes
specified in the twenty-third section of the act of May 5, 1854,
entitled ' An Act for the regulation and continuance of a system
of education by common schools,' one of the causes of dismissal
specified in said act being cruelty; and in pursuance of the
power and discretion vested in them by the above-recited act
of assembly, the terms of said contract, and in discharge of
their duties as directors they having dismissed the said plaint-
iff as aforesaid from his employment aforesaid, for the cause of
cruelty so as aforesaid investigated and established, they deny
any and all liability of the defendant to the plaintiff as alleged
in his affidavit of claim."

Thus, it will be seen that the original employment of. the
plaintiff as a teacher, and the due execution of the contract,
are facts actually or impliedly admitted; and if they were not,
as they are not traversed or denied in the affidavit of defence,
they must, under the sixth and eighth rules of practice in the
Common Pleas of the county, be taken as admitted.   In the
cases above cited, the employment of the teacher was explicitly
and flatly denied, and the minutes of the board sustained the
denial.   In this case, however, the regular employment was ad-
mitted, and the minutes of the board in respect of his employ-
ment were not material to the issue tried, and were not in
evidence.

But the learned judge seems to have supposed that, as the
statement and affidavit of defence were not formally offered in
evidence before the jury, the admissions therein contained did
not appear.   In this he was clearly mistaken.   The affidavits
of claim and defence, respectively, are not proper evidence to
be considered in behalf of those who make them, and ordinarily
they are not intended for the jury.   Under the rules of practice
referred to, they constitute, as it were, part of the pleadings,
their object being to reduce the contest at the trial to the points
actually in dispute:  Bair v. Hubartt, 139 Pa. 96; and the court
should take notice of these admissions as disclosed by the record,
and confine the contest to the matters in issue.   As we said in
Neely v. Bair, 144 Pa. 250: " The object of this and similar
rules of court, obviously, is to dispense with the formal proof,

on trial, of all such facts and circumstances, material to the plaintiff's case, as the defendant shall be required to deny under oath, which facts, if not so denied as required by the rule, shall, for the purposes of the trial, be taken as admitted. A proper system of practice under such rules, greatly facilitates and expedites the trial of causes, and often relieves the jury from the consideration of a heterogeneous mass of testimony bearing upon facts which the defendant cannot deny, but which the plaintiff would otherwise be required to establish by formal proof. The controversy is thus narrowed down to such items of claim and material matters of fact as are really disputed. In such cases, it is the province of the court to examine the respective affidavits, and thus ascertain what items of claim, and averments of fact in support thereof, are not denied by the defendant, and then confine the testimony to such items of claim and material averments of fact as are denied." The plea of non assumpsit is a broad plea, but it is plain that it does not deny what is thus admitted of record.

The board of school directors had the power to dismiss this teacher for incompetency, cruelty, negligence, or immorality. This power is expressly given in paragraph V., § 23, act of May 8, 1854, P. L. 622, and was reserved in the contract. As a deliberative body, a board of school directors is intrusted with the government of the schools, and by the statute is empowered both to employ teachers, and for the causes stated to dismiss them. The board, therefore, had jurisdiction under the statute to pass upon any charge of this character, and in its determinations was held merely to the exercise of good faith, and was answerable only for an abuse of its powers. By the mere fact of his employment as a teacher, the plaintiff submitted himself to the jurisdiction of the board in respect of the matters mentioned in the statute, and the action of the board, if it be entered upon the minutes in the form required by the statute, is conclusive. But the action of the board in effecting the dismissal of a teacher must be set forth upon the minutes, as required by the statute. The minutes are therefore the best evidence of the teacher's dismissal, and are conclusive, unless the board may be shown to have acted corruptly or in bad faith, and to have clearly abused its powers. The admission of evidence on the

part of the defendant as to the circumstances of cruelty alleged, was therefore erroneous.

The judgment is reversed, and a venire facias de novo is awarded.