Commonwealth ex rel. Levi B. Heisey, Appellant, *v.* I. N. Risser et al., School Directors of South Londonderry Township, Lebanon County, Penna.

*School law—Mandamus to oust a teacher—Discretion of court below.*

Where the position of teacher in the public schools is actually occupied and the court below has refused to award a mandamus to induct into the place a relator who claims to have been legally appointed thereto, the appellate court would hesitate, were no other obstacles in the way, to say that the court below did not exercise a wise discretion in refusing the writ.

And where the relator does not show a clear legal right to the position, into which he asks the court to compel the board to admit him, the omission is fatal.

*Statutes—Requirements, when directory and when mandatory—School law—Appointment of teachers—Act of April* 11, 1862.

Where the directions of a statute are given with a view to the proper, orderly and prompt conduct of business merely, the provisions may be regarded as directory, but where the fair interpretation of a statute, which directs acts or proceedings in a certain way, shows that the legislature intended compliance with such provision to be essential to the validity of the act or proceeding, the statute must be regarded as mandatory. Of this latter nature is the act of April 11, 1862, P. L. 472, and its requirements regarding the appointment of teachers must be strictly complied with.

Argued November 9, 1896.    Appeal, No. 23, March T., 1897, by relator, from decree of C. P. Lebanon Co., Sept. T., 1896, No. 153, quashing writ of alternative mandamus.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Petition for writ of mandamus.    Before EHRGOOD, P. J.

From the record it appears that a petition for a writ of alternative mandamus was filed; the writ issued and served and a motion to quash filed. The petition alleged that the relator was by profession a public school teacher duly licensed by the superintendent of public instruction. That at a duly authorized meeting of the school directors of South Londonderry township on the 20th of June, 1896, the relator was duly elected teacher for the grammar school of Campbelltown, receiving a majority of votes. That subsequently on the 18th day of July, 1896, the school directors held another meeting and elected R. P. Wolfersberger to the same position, it being alleged that the election of the relator on June 20 was illegal by reason of the fact that the board neglected and failed to ascertain and record the names of the members voting for each candidate with the names of the candidate voted for, as required by law. It was further alleged that from the date of the election of the relator a contract was then and there entered into between the relator and the school board, duly signed by the president and countersigned by the secretary, providing for the employment of the relator for the ensuing school term at $40.00 per month.

Other facts appear from the opinion of the court below.

Opinion of court below by EHRGOOD, P. J.

The relator is a public school teacher and alleges that on the 20th day of June, 1896, he was elected by the board of school directors of South Londonderry township to the position of teacher of the grammar school at Campbelltown, in said township. It is admitted that his alleged election was by secret ballot.

The act of April 11, 1862, requires that in the selection of teachers by school directors the affirmative and negative votes, and by whom cast, shall be recorded by the secretary on the minutes of their proceedings [thereby clearly indicating that the

teacher must be elected by open ballot]. The board of directors, recognizing this fact, on July 18, 1896, held another meeting and declared the election of teachers of June 20, 1896, void, and proceeded to elect teachers in accordance with the provisions of the act of assembly, and at such election elected R. P. Wolfersberger to the position of teacher of the said grammar school at Campbelltown, in place and stead of the relator.

It is admitted that said Wolfersberger is now performing the active duties of said office or position of teacher of said grammar school at Campbelltown aforesaid.

[If a mandamus to reinstate Heisey were allowed it would undoubtedly affect the rights of Wolfersberger who is not a party to this proceeding.] [3]

[By these proceedings the relator seeks to have determined which election is binding on the township and who is entitled to the office or position of teacher of the said school. The office or position is not vacant and therefore a reinstatement of relator to the duties of the office is in effect an ousting of Wolfersberger. This is not the office of the writ of mandamus.] [4] We have carefully examined the authorities cited by counsel, together with some others, and have come to the conclusion that this writ must be quashed. And now, September 7, 1896, upon consideration of the petition and motion to quash the writ in this case, the motion to quash is allowed and the writ heretofore issued is set aside and the relator is ordered to pay the costs.

And now, September 12, 1896, exception to relator.

*Errors assigned* were, (1) in not finding that, under the facts set forth in the petition, Heisey's appointment is binding upon the township; (2) in not finding that the school directors of South Londonderry township are estopped by their contract from denying the validity of Heisey's appointment; (3, 4) findings in the opinion of the court below, reciting same; (5) in holding that it is not the office of a writ of mandamus to reinstate a teacher to his position when it is occupied by another; (6) in denying relator his only adequate remedy; (7) in quashing the alternative writ of mandamus.

*E. E. McCurdy*, for appellant.—The law is settled that school directors when acting as a board are bound by all their acts as

such without regard to the kind of proof, provided it be the best the nature of the case admits of : School Board v. McBride, 22 Pa. 215; Barnett v. School Directors, 6 W. & S. 46; Magill v. Kauffman, 4 S. & R. 317; Bank of U. S. v. Dandridge, 12 Wheaton, 64.

Though the vote was by secret ballot, that is by dropping into a hat the names of the person voted for, without indicating directly who cast the respective ballots, yet it can easily be proven for whom each director voted.

The board simply pursued the method·commonly in use in this as well as many other townships for many years.

The school directors should keep a record and their acts there appear. To record them is a duty to their constituents, but contractors with them cannot object to them merely on the ground of their not being recorded. If it were otherwise, then teachers upon being appointed and before entering into a contract, in order to protect themselves, would be obliged to do what they have no right to do, namely, to demand the right of inspecting the records of the board, which are clearly only for the use of the school board and their constituency, to see if a proper minute is made of the appointment: Belknap v. Miller, 52 Ill. App. 617.

It was within the power of the school board to make a contract with Mr. Heisey to teach this school, and the contract is not avoided by any irregularity in making it. It might be different if the board would not have had the power to employ a teacher for this school, or if Mr. Heisey had been ineligible: Bidwell v. City of Pittsburg, 85 Pa. 412; McKnight v. City of Pittsburg, 91 Pa. 273.

" The defense of ultra vires is never sustained out of regard for the defendants, but only where the imperative rule of public policy demands it: " Wright v. Pipe Line Co., 101 Pa. 206.

" The right of a teacher removed without cause to a writ of mandamus to restore her to her position is not affected by the fact that her position is occupied by another, since the position of teacher is not an office : " Kennedy v. San Francisco Bd. of Ed., (Cal.) 22 Pac. 1042.

*J. Marshall Funck*, for appellee.—The relator was not lawfully elected and in any event a proceeding by mandamus was not his proper remedy.

The relator must have a clear legal right: Casey v. O'Day 6 Kulp, 178; Com. v. Commissioners, 2 Parsons, 222.

"In order to create a liability under a contract provided for by the common school law, the statutory requisitions must be complied with:" School District v. Mercer, 115 Pa. 560.

OPINION BY RICE, P. J., December 7, 1896:

We are not required in this case to discuss or to decide the question whether mandamus will lie to compel a board of school directors to reinstate a teacher who has been unlawfully dismissed from the position to which he was lawfully appointed, or to admit him to such position in the first instance. The question before us is much narrower, and is, whether the board may be compelled to oust a teacher, who, under appointment by them, has entered upon the performance of the duties of the position, and give his place to one who has a prior contract with the board, but who has never been admitted to the place. The position of a teacher in the public school is not an office, and, for the breach of a valid contract employing him there is a remedy by action. But even if it be conceded that it differs from an ordinary contract of employment, so that mandamus would lie in a clear case to admit him to the place to which he was appointed, another very serious question arises where the place is already filled. If this were the only difficulty in the relator's way, we should hesitate to say that the court did not exercise a wise discretion in refusing the writ. A proper regard for the rights of the incumbent, who was not before the court, as well as for the efficiency and welfare of the school in question, would seem to dictate the course pursued by the court below. For if, as the relator contends, a teacher in the public schools may have a right to the place, as distinguished from a right of action for his salary or for breach of contract, an unseemly conflict, highly detrimental to the welfare of the school, might arise if the respondents were to undertake to oust the incumbent without an adjudication of his right in a proceeding in which he had an opportunity to be heard.

But a fatal objection—waiving all others that might be urged —to the exercise of this extraordinary power in the present case is, that the relator does not show a clear legal right to the position into which he asks the court to compel the board to admit him.

The act of April 11, 1862 (P. L. 472), provides : " That no . . . . teacher shall be appointed or dismissed . . . . except by the affirmative votes of a majority of the whole number of the directors or controllers thereof ; and . . . . the names of the members voting, both in the affirmative and the negative, shall be so entered on the minutes of the board by the secretary." The relator claims that he was elected or chosen a teacher by a majority, but admits that it was by a secret ballot and that the names of the members voting in the affirmative and the negative were not entered on the minutes. Where the directions of a statute are given with a view to the proper, orderly and prompt conduct of business merely, the provision may be regarded as directory. But where the fair interpretation of a statute, which directs acts or proceedings in a certain way, shows that the legislature intended compliance with such provision to be essential to the validity of the act or proceeding, the statute must be regarded as mandatory. Of this latter nature is the statutory provision under consideration. It relates to a power conferred on the directors which concerns the public, and the method of exercising it is prescribed in order that the public may know whom to hold responsible for action which so deeply concerns them.

To hold that it is merely directory and that the board may at pleasure substitute a secret ballot, and thus make it impossible for the secretary to record the affirmative and negative votes, would defeat the manifest purpose for which it was enacted. It has not heretofore received such construction. On the contrary it is well settled that in the appointment of teachers the requirements of the act must be strictly complied with : Dennison Sch. D. v. Padden, 89 Pa. 395 ; Dyberry School D. v. Mercer, 115 Pa. 559 ; Whitehead v. School D., 145 Pa. 418. In the first mentioned case the contract with the plaintiff was in due form, just as it is here ; she nevertheless failed in her action for a breach thereof because she was unable to show her appointment by the board of directors. Mr. Justice GORDON said : " By the act of April 11, 1862, teachers can only be selected by the school board, and so specific is the act upon this subject, that it requires the names of the members voting, both in the affirmative and negative, to be recorded upon the minutes. This is the only manner in which teachers can be selected, and from

the very nature of things, this power cannot be delegated. Before effect could be given to the contract, exhibited by the plaintiff, it was necessary to show not only that O'Dea was the regularly constituted agent of the board, but that Miss Padden had been selected as a teacher by the previous action of the directors." In the next case where the question arose the present Chief Justice said of the provisions of the act of 1862: " They are wise and wholesome provisions intended to correct gross abuses which had gradually crept into the administration of our school system, and hence it is not requiring too much to insist on a substantial compliance with the spirit if not the very letter of the act." The only instances in which a departure from the strict letter of the law has been allowed, are when the minutes show that all the members were present: (Tobin v. Morgan, 70 Pa. 229) ; or where, less than the whole number being present, the minutes set forth their names (Genesee Twp. v. McDonald, 98 Pa. 444), and show in each case that the resolution passed unanimously. In the last mentioned case the conclusion, that there was a substantial compliance with the law, was reached " after a good deal of hesitation." Here there was neither literal nor substantial compliance with the law. Indeed, where the election is, as it was in this case, by secret ballot, the secretary has no means of ascertaining how the members voted, and therefore it is impossible for him to comply with the law by recording the names of the members voting in the affirmative and negative. We are unable to agree with the relator that the failure of the directors to conduct the election and to have the result recorded, as provided by law, does not affect the validity of his appointment and his right to be inducted into the place to which he was chosen. It was incumbent on him to show an appointment to the place by the board of directors in the manner prescribed by law. A contract of employment without such appointment, although executed in due form by the officers of the board, gave him no vested right to the position and to this extraordinary legal remedy for its enforcement.

For the foregoing reasons in addition to those stated in the opinion of the learned judge in the court below the decree is affirmed at the costs of the appellant.