# Burke *v.* Wilkes-Barre Township School District, Appellant (No. 1).

*School law—Directors—Recording of vote—Employment of teachers—Act of April* 11, 1862, *P. L.* 471.

Where the minutes of a school board show that "all members answered the roll call," and that a contract for the employment of a teacher was authorized, "all members voting in the affirmative," the validity of the contract cannot be attacked on the ground that the names of the members voting were not recorded in the minutes. In such a case the minutes substantially comply with the spirit of the Act of April 11, 1862, P. L. 471.

*School law—Employment of teachers—Act of June* 25, 1885, *P. L.* 175.

Under the Act of June 25, 1885, P. L. 175, a local school board of a township may elect a properly qualified teacher for an ordinary common school for three successive school terms. In the expression in the act "public high and state normal schools," the court will not construe the word "public" as simply qualifying the word "high," inasmuch as there was no authority in townships to establish high schools until the passage of the Act of June 28, 1895, P. L. 413.

Argued Jan. 11, 1905. Appeal, No. 50, Jan. T., 1905, by Margaret Burke, from judgment of C. P. Luzerne Co., Dec. T., 1901, No. 185, on verdict for plaintiff in case of Margaret Burke v. School District of the Township of Wilkes-Barre.

Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for salary.   Before LYNCH, P. J.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $674.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*James H. Shea*, for appellant.—In all cases of contracts to run for a term of years, the authority to make them should be clear.   It is better that all parties should understand there is a limit to the powers of municipal bodies in this respect: Garrison v. Chicago, 7 Biss. 480; Dillon on Mun. Corps., vol. 1, page 199.

A contract properly executed was not, without more, sufficient to entitle her to recover.   The burden was on her to show that the contract was preceded by a valid appointment by the school board, made in the manner provided by the fourth section of the Act of April 11, 1862, P. L. 471: Dennison Township School District v. Padden, 89 Pa. 395; Strathern v. Gilmore, 184 Pa. 265; Com. ex rel. v. Risser, 3 Pa. Superior Ct. 196; Campbell v. Cincinnati, 49 Ohio, 463 (31 N. E. Repr. 606); Dyberry School Dist. v. Mercer, 115 Pa. 559.

*James L. Lenahan*, for appellees, cited: Tobin v. Morgan, 70 Pa. 229; Genesee Township School District v. McDonald, 98 Pa. 444; Strathern v. Gilmore, 184 Pa. 265; Com. ex rel. v. Risser, 3 Pa. Superior Ct. 196.

OPINION BY BEAVER, J., April 17, 1905:

Plaintiff claimed to have been duly elected a teacher to teach one of the schools of the defendant school district for three successive terms, commencing August 28, 1899.   The election took place at a special meeting of the school board held August 7, 1899, for the purpose of hearing the report of a teachers' committee and electing teachers, at which " all members

answered the roll call." The teachers' committee reported recommending the employment of twelve different teachers to teach in the common schools of the district at various salaries, some for one school term, and others, including the plaintiff, for three successive terms, at which meeting the president and secretary of the school board were authorized to draw orders for the amount of the monthly pay roll as the same fell due and to draw up a contract with the plaintiff (inter alia) for three successive terms. It was moved by one of the directors that the report of the teachers' committee be adopted, which motion was carried, the entry on the minutes being, " all members voting in the affirmative."

In accordance with this action of the board, the president and secretary entered into a written contract with the plaintiff, employing her to teach in the schools of the district for a period of three successive school terms at a salary of $45.00 per month. It was admitted upon the trial that the plaintiff has a diploma from the State Normal School. Under the contract above mentioned, the plaintiff taught one of the schools of the defendant district for two successive years and was prevented from teaching the third year by the election of another teacher, who was placed in charge of the school formerly taught by the plaintiff and who refused her permission to teach therein, although offering to do so for a number of successive days at the opening of the school term.

The present action is brought to recover the amount of the plaintiff's salary or wages as a teacher for ten months from August, 1900 to May, 1901. A recovery was had in the court below for the full amount.

The ground upon which the defendant seeks to evade payment is that the contract with the plaintiff is invalid, first, because the school board had no authority to enter into such a contract for three years ; and, second, because the minutes of the school board do not contain " the names of the members voting both in the affirmative and the negative upon the question of her election," the minutes showing that the report of the teachers' committee was adopted, " all members voting in the affirmative."

The validity of the contract depends upon the construction of two several acts of assembly.

By the 4th section of the Act of April 11, 1862, P. L. 471, it is provided that, inter alia, " No teacher shall be appointed or dismissed, except by the affirmative votes of a majority of the whole number of the directors or controllers thereof, and, in each of said cases, the names of the members voting both in the affirmative and the negative, shall be entered on the minutes of the board by the secretary," etc.

This act of assembly has been construed many times, especially in Dennison School District v. Padden, 89 Pa. 395, and in Dyberry School District v. Mercer, 115 Pa. 559.  In the latter case, it was said : " The refusal of the board to retain her as a teacher, after the expiration of the first four months, was not controverted ; but it was denied that she had ever been employed for the last three months.  It was, therefore, incumbent on her to prove that she had been so employed ; and, for that purpose, testimony, consisting chiefly of loose declarations of members of the school board, was introduced and submitted to the jury.  It is unnecessary to refer specially to the testimony on which she relied.  There was nothing in the minutes of the school board to show that she had been duly appointed teacher for the three months in question."  Later, Mr. Justice STERRETT, who delivered the opinion of the court, said : " In the case last cited (Dennison School District v. Padden) we held, for reasons stated in the opinion of our Brother GORDON, that, in the selection of school teachers, the provisions of this act must be strictly complied with ; and we are not disposed to recede from that position.  They are wise and wholesome provisions, intended to correct gross abuses which had gradually crept into the administration of our school system and hence it is not requiring too much to insist on a substantial compliance with the spirit, if not the very letter, of the act."

The objection here is not that the minutes of the school board do not show an employment nor that they do not show an affirmative vote by all the members of the board, but that the vote is not recorded by giving the names of those who voted in the affirmative and negative respectively.

In the present case there were no negative votes.  " All the members voted in the affirmative," all being present, as it affirmatively appears in the minutes that all answered to the roll

call.   Is this not a substantial compliance with the spirit of
the act, though perhaps not with its very letter ?   We think it
is.   If there had been a division, it would have been necessary,
in accordance with the terms of the act, to record the names of
those who voted in the affirmative and of those who voted in
the negative ; but, there being no division and the names of
the members of the school board being known, the record that
all the members voted in the affirmative was a sufficient min-
ute upon which to base the employment of the plaintiff, and,
indeed, this has been practically decided in Tobin v. Morgan,
70 Pa. 229, in which Mr. Justice SHARSWOOD, delivering the
opinion, says : " The minutes state that all the members were
present and the resolution imposing the tax was passed unani-
mously.   The act evidently contemplated that the ayes and
nays should be recorded only when there were members voting
both in the affirmative and negative."    See also Genesee Twp.
School Dist. v. McDonald, 98 Pa. 444 ; Comth. ex rel. Heisey
v. Risser, 3 Pa. Superior Ct. 196.

The contract entered into by the president and secretary, in
accordance with the power granted to them by the board in
the resolution, as recorded in the minutes, was a sufficient con-
tract upon which to base a recovery, if the board had authority
to employ the plaintiff for the period of three terms, and this
involves the construction of the Act of June 25, 1885, P. L.
175, in which it is provided : " That, on and after the passage
of this act, local school boards of the various townships, bor-
oughs and wards, and boards of education, boards of control
and other bodies having authority, under the laws of this com-
monwealth, to elect principals and assistant teachers of public
high and state normal schools of said commonwealth may elect
principals and assistant teachers holding the grade of ' profes-
sional certificates ' for two successive school terms and those
holding the grade of ' permanent certificates ' or diplomas
issued by state normal schools of this commonwealth for three
successive school terms."    It is claimed by the appellant that
this does not relate to the election of teachers of ordinary pub-
lic schools, inasmuch as there is no comma between public and
high.   At the time the said act was passed, however, there was
no authority to establish high schools within the townships of
the commonwealth, that power having been conferred by the

Act of June 28, 1895, P. L. 413. The power to make the contracts for three years was based substantially upon the qualifications of the teacher and, if qualified to teach in a high or normal school and authority was given to make a contract for three years under such circumstances, it is difficult to see why the school directors of a township should not have the power to elect for a similar period for schools of a lower grade. In the publication of the school laws by the school department, it is proper to say that a comma appears after the word "public." Without determining whether or not we have the power to read a comma into the act, it is, nevertheless, apparent that it applies to schools below the grade of a high school which were then in existence in the several townships of the state. If the word "public" simply qualifies the word "high," it would have been simply conferring a power upon the school directors of the townships to elect teachers for schools which had no existence and no legal authority for existence at the time the act was passed.

The contract, under which the plaintiff claims, having been, therefore, authorized by law and voted by the school directors substantially in compliance with the terms of law, and the plaintiff being admittedly qualified, we are of opinion that the contract of employment bound the township for the full term stipulated therein and that, having been deprived of the right to teach, in accordance with the terms of her employment, and having been unable, as she testifies, to secure employment elsewhere, she had the right to recover in this action.

Judgment affirmed.