## McCandless, Appellant, *v.* Summit Township School District.

*School law—School teacher—Appointment of teachers—Minutes of school board—Act of April 11, 1862, P. L. 471.*

1. A school teacher cannot recover for a balance of salary alleged to be due on a written contract signed by herself and the president of the school board and countersigned by the secretary of the board, where the minutes of the board of school directors which elected her merely disclosed that a quorum of the board were present, and that she was elected, but did not state the names of the members of the board voting in the affirmative or negative, nor that the election was unanimous, nor that all members present voted in the affirmative.

2. Under the Act of April 11, 1862, P. L. 471, relating to the appointment of teachers, the minutes of the school board must upon their face show in express words, or by necessary implication the names of the directors who voted in favor of the appointment, and that they constituted a majority of the entire board; otherwise the appointment is not binding upon the school district.

Argued May 14, 1913. Appeal, No. 193, April T., 1913, by plaintiff, from order of C. P. Butler Co., June T., 1911, No. 42, refusing to take off nonsuit in case of Kittie McCandless v. Summit Township School District. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before TELFORD, P. J., specially presiding.

At the trial it appeared that the plaintiff claimed salary for twenty-eight days of her unexpired term. The defendants resisted payment on the ground that the plaintiff's election as teacher was not shown to be legal. The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*W. H. Martin,* with him *S. F. Bowser* and *R. P. Scott,* for appellant.—The presumption in favor of the regularity of official acts does not extend to acts involving the forfeiture of an individual's rights, the depriving one of their property or the placing of a charge or lien thereon: Watkins v. Havighorst, 74 Pac. Repr. 318; Irwin v. Mayes, 73 S. W. Repr. 33; Com. v. German Soc. for Mut. Support, 15 Pa. 251; Tobin v. Morgan, 70 Pa. 229.

The law always presumes that men charged with a public duty have done their duty and will presume their official acts to have been regular: Nofire v. United States, 164 U. S. 657.

The acts of school directors within the scope of their office are not to be set aside for mere technical defects or omissions: School Directors v. McBride, 22 Pa. 215.

*James E. Marshall,* with him *Thomas W. Watson* and *John R. Henninger,* for appellee.—That the plaintiff has not shown a legal employment, as required by the act of April 11, 1862: Dennison Twp. School District v. Padden, 89 Pa. 395; Dyberry School District v. Mercer, 115 Pa. 559; Whitehead v. School District, 145 Pa. 418; Strathern v. Gilmore, 184 Pa. 265; Com. v. Risser, 3. Pa. Superior Ct. 196; Burke v. Wilkes-Barre Twp. School Dist., 28 Pa. Superior Ct. 16; McCrea v. School Dist., 145 Pa. 550.

OPINION BY PORTER, J., October 13, 1913:

The plaintiff alleges that she had been employed to teach one of the schools of the defendant district for a term of seven months; that before the term was completed the school directors refused to permit her to teach longer and took the key and locked the schoolhouse against her; that she was ready to perform and tendered performance and brings this action to recover damages for breach of the contract. The plaintiff was paid for the time which she had actually devoted to teaching the school and avers the right to recover for the uncompleted part of the term. She offered in evidence a written contract, dated July 23, 1910, executed by herself and the president of the school board and countersigned by the secretary of the board, which covenanted for her services as a teacher for the term of seven months, commencing September 6, 1910, at a salary named, with the usual covenants as to dismissal for legal cause and for supervision by the board found in contracts for the employment of teachers in public schools. There was offered in evidence in connection with this, minutes of the meeting of the school board, supposed to authorize the contract. These minutes disclosed that a quorum of the board were present; the only other part of the record which is material in this case is as follows: "Election of teachers next in order resulted as follows: . . . . Miss Kittie McCandless, school No. 7, East Butler." The minutes did not state the names of the members of the board voting in the affirmative or negative, nor did they state that the election was unanimous, nor that all members present voted in the affirmative. The plaintiff testified that she taught and was paid for all except the last twenty-eight days of the term, that the school directors then refused to permit her to teach longer and took the key of the schoolhouse and locked it against her; and that she was ready to teach the balance of the term and offered to do so. The court below entered a judgment of compulsory nonsuit, which

it subsequently refused to take off, and that refusal is the subject of the specification of error.

The Act of April 11, 1862, P. L. 471, provides: "That no . . . . teacher shall be appointed or dismissed . . . . except by the affirmative votes of a majority of the whole number of the directors or controllers thereof; and . . . . the names of the members voting, both in the affirmative and the negative, shall be so entered on the minutes of the board by the secretary." This provision is mandatory, and its requirements regarding the appointment of teachers must be strictly complied with. The president of the board of directors has no power, merely by virtue of his office, to employ teachers; the teachers can only be selected by the school board, and so specific is this act, upon this subject, that it requires the names of the members voting, both in the affirmative and negative, to be recorded upon the minutes. This is the only manner in which the teachers can be selected, and, from the very nature of things, this power cannot be delegated. The minutes must upon their face show, in express words or by necessary implication the names of the directors who voted in favor of the appointment and that they constituted a majority of the entire board; otherwise the appointment is not binding upon the school district: School District of Dennison Township v. Padden, 89 Pa. 395; Dyberry School District v. Mercer, 115 Pa. 559; Whitehead v. School District, 145 Pa. 418; McCrea v. School District, 145 Pa. 550; Strathern v. Gilmore, 184 Pa. 265; Com. v. Risser, 3 Pa. Superior Ct. 196. When the minutes state the names of the directors present, and show that they constitute a quorum, and state that the vote was unanimous, or that all members voted in the affirmative, this is a substantial compliance with the statute: Tobin v. Morgan, 70 Pa. 229; Genesee Twp. v. McDonald, 98 Pa. 444; Burke v. School District, 28 Pa. Superior Ct. 16. This requirement of the statute may sometimes cause the negligence or incapacity of the officers of the

school district to result in hardship for a teacher who has acted upon an appointment in good faith, believing it to be valid, but the law regulating public employment and the expenditure of public money cannot be ignored. It was said in School District of Dennison Twp. v. Padden, 89 Pa. 395: "This statute is a valuable one, intended to compel the expression of each individual member of the school board on a subject of importance to the public education, and this for the very purpose of preventing jobbery, and the exercise of a one-man power, in the conduct of our common schools; we are, therefore, not inclined to permit the abrogation of its force and efficiency by a weak construction designed to meet a particular case." The minutes of the school board in the present case do not disclose how any school director voted, nor do they state that the vote was unanimous, nor that all members present voted in the affirmative. It might be, for all that appears in this minute, that the election was by a secret ballot, and that the secretary did not know how any particular member voted, as was the case in Com. v. Risser, 3 Pa. Super. Ct. 196. The secretary may have simply counted the tickets cast in a secret ballot, and written down in the minute the name of the party who received the majority of the votes. The members of the board might thus seek to escape individual responsibility for the result. The minute did not establish, in the manner by the statute required, the appointment of the plaintiff as a teacher, for the term of seven months. The failure of the school directors in this case to proceed in the manner required by the statute has no doubt resulted in inconvenience to this plaintiff, who believed that her contract was valid. The statute, as construed by authorities which we are not free to disregard, is, however, conclusive against the validity of the contract, and the plaintiff is not entitled to recover.

The judgment is affirmed.