## Appeal of Anthony M. Forsthoffer Post No. 389.

*C. A. Sowers*, for appellant; *M. R. Longstreth* and *T. F. Jenkins*, contra.

TAULANE, J., April 15, 1929.—This is a case stated. The facts are as follows:

Premises No. 1014 North Fifth Street were owned by the Redemptorist Fathers of the State of Pennsylvania and used by them until Dec. 15, 1927, as a home for the lay brothers who taught in their school which was conducted in other premises, and since that date said premises have not been used in any way by the Redemptorist Fathers.

On March 15, 1928, the Redemptorist Fathers sold and conveyed said premises to the Anthony M. Forsthoffer Post No. 389, Veterans of Foreign Wars, composed of honorably discharged soldiers, sailors and marines of the United States, and since that date the Post has used and occupied said premises. The real and personal property of the Post are exempted from all taxation. (Act of March 17, 1925, P. L. 39.) Said premises were exempted by the Board of Revision of Taxes from taxes while owned by the Redemptorist Fathers; the records of the board for 1928 show said premises to have been valued at $6000, but exempted.

On March 22, 1928, the Board of Revision of Taxes taxed said premises for the balance of the year 1928. The Post, on March 23, 1928, applied for exemption, which was granted as to taxes from and after Jan. 1, 1929, but refused as to the taxes assessed for 1928, from which decision the Post has appealed.

It is doubtful whether the Redemptorist Fathers were entitled at any time to exemption (Act of March 17, 1925, P. L. 39), but certainly any right of exemption ended Dec. 15, 1927, when they ceased to occupy the premises; and it is equally clear that the premises could have been taxed on Jan. 1, 1928, the beginning of the tax year, for the 1928 taxes while owned by the Redemptorist Fathers. (Moore v. Taylor, 147 Pa. 481.)

Instead of taxing said premises for 1928, as should have been done, the Board of Revision of Taxes exempted them. Where real estate is entitled to exemption at the beginning of the tax year, but during the tax year ceases to be used for purposes which entitle it to exemption, it may be taxed from that time to the end of the tax year; thus, where a church conveys its property during the tax year for residential use. (Moore v. Taylor, 147 Pa. 481, and Act of April 26, 1893, P. L. 25.) And if real estate is taxable at the beginning of the tax year, its acquisition and use during the tax year by a person or association entitled to exemption does not exempt it for the balance of the tax year; thus, where a church acquires and uses real estate during the tax year subsequent to the levy of the tax for that year. (Philadelphia v. Pennsylvania Co., 214 Pa. 138, and Tobin v. Morgan, 70 Pa. 229.)

The facts before us are different from those involved in the cases we have cited. If the premises in question had been taxed, as they could have been, at the beginning of the tax year 1928, there could be no question but what they would have remained liable during the whole of 1928, notwithstanding their acquisition and use by the Post. No attempt has been made to tax said premises as of January, 1928, when they were owned by the Redemptorist Fathers, but instead the Board of Revision of Taxes taxed them for the first time on March 22, 1928, for the portion of 1928 during which they were owned and used by the Post, and when they were clearly exempt.

Whether the Board of Revision of Taxes could have taxed the premises on March 22, 1928, as of Jan. 1, 1928, and thereby subjected them to all the taxes for 1928, we are not obliged to decide. Their decision at the beginning of the tax year exempting said premises for 1928 stands unmodified and unreversed. We must accept their decision as it stands. When the Board of Revision of Taxes attempted for the first time to tax said premises on March 22, 1928, from that date to the end of the year, they were clearly exempt from Jan. 1 to March 22, 1928, and there has been no action by the board revoking such exemption.

The case before us is not one where an association, entitled to exemption, acquires real estate during the current tax year which is liable to taxes for the current year previously assessed, but it is one where an association, entitled to exemption, acquires real estate during the current tax year from one who has been exempted and against whom no tax has been assessed for the current year.

The assessors are required to return all real estate in the county, whether taxable or exempt, and to value the same. (Act of Feb. 2, 1854, § 17, P. L. 32.) This explains why the premises in question, though exempt, have a valuation on the records of the Board of Revision of Taxes. The assessors do not levy the tax; this is done by the Board of Revision of Taxes after Councils fix the tax rate (City Charter, 1919, art. XVII, § 3, P. L. 606, and Ordinance 1927, page 663), and the tax is levied only on real estate not exempt. If any real

estate is exempted by the board, no tax is levied on it. And for this reason no tax was ever levied on the premises in question for 1928 until the board assessed them on March 22, 1928.

Taxes cannot be collected on any real estate until the Board of Revision of Taxes first assesses it and certifies the assessment to the Receiver of Taxes. The premises in question from Jan. 1, 1928, to March 22, 1928, are exempt, and until the exemption is canceled, no taxes can be collected on them for that period. If that be so, and it be true that the Post is entitled to exemption, we think it quite clear that the Board of Revision of Taxes had no authority to tax said premises for the portion of the year 1928 during which they were owned and used by the Post. To hold the Post liable for any part of the 1928 taxes, it must appear that the taxes for 1928 were assessed before the Post acquired title. Instead of being so taxed, the record shows that the said premises are still exempted from Jan. 1, 1928, to March 22, 1928. We think the appeal must be sustained.

And now, to wit, April 15, 1929, the appeal of the Anthony M. Forsthoffer Post No. 389, Veterans of Foreign Wars, from the decision of the Board of Revision of Taxes as to the taxes for 1928 on premises No. 1014 North Fifth Street is sustained.