## Dyberry School District *versus* Mercer.

1. The Act of April 11th, 1862, which provides, *inter alia,* that no teacher shall be appointed or dismissed except by the affirmative votes of a majority of the whole number of the school directors of the district, and that the names of the members voting both in the affirmative and in the negative shall be so entered on the minutes of the board by the secretary thereof, must be strictly complied with.

2. In an action by a school teacher, against a school district to recover damages for refusing to permit her to teach, during the term for which

she alleged she was employed, but which employment was denied, *Held*, that in the absence of the evidence of her appointment required by the Act of April 11th, 1862, she could not recover.

3. Cascade School District *v.* Lewis School District, 7 Wright, 318, and Dennison School District *v.* Padden, 8 Norris, 395, followed.

February 22d, 1887. Before GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. MERCUR, C. J., and GREEN, J., absent.

ERROR to the Court of Common Pleas of *Wayne county :* Of July Term 1886, No. 120.

Appeal by the Dyberry School District, from the judgment of a justice of the peace in favor of Nellie J. Mercer, in an action brought by her to recover damages from said school district, for refusing to permit her to teach school for the term for which she alleged she was employed.

The facts of the case as they appeared on the trial are as follows: The plaintiff alleged and so testified that in the spring or summer of 1884, she had been employed by the defendants to teach school for them for the term of seven months, at a salary of twenty dollars per month, for the first four months, and at twenty-six dollars per month for the remaining three months. That after she had taught four months she was prevented from teaching the remainder of the term by the defendants informing her, that she had not been employed to teach longer and by their locking the school house against her. The defendants offered evidence to show that her employment was for but four months. The minutes of the defendants did not show any appointment of the plaintiff as a teacher for any term, nor was there any evidence that the plaintiff had been appointed a teacher by the affirmative votes of a majority of the whole number of directors, as required by the Act of April 11th, 1862.

*The defendants requested the court to instruct the jury that under all the evidence in the case the verdict must be for the defendants. Refused. (Eighth assignment of error.)

The court instructed the jury, *inter alia*, as follows :

Now we propose to submit this question to you upon two or three propositions. We submit to you whether there was a unanimous agreement of the school directors, a majority of the board being present at a meeting in June, 1884, either expressed in a formal manner by a resolution offered, and a vote taken, or by such action as they then considered equivalent to such a vote, by which it was considered, as determined by the board, that each director should select and employ the teacher in his particular sub-district. This is the first question

to which we call your attention, and ask you to determine under the evidence.

The second is, did Mr. Pethick, in pursuance of an arrangement so made, enter into an agreement on behalf of the school directors with the plaintiff, employ her to teach school for the period of seven months at the rate alleged by her? [If he made such an agreement, then the third question we ask you to consider is, did he report it to the board when duly convened, and did the board, a quorum being present, unanimously by formal resolution and ballot, or by action which they consider equivalent to such vote, ratify and approve such contract? By a unanimous vote, we mean, when the matter being clearly presented, is sustained by the votes of those who are entitled to vote without any dissenting voice.

I think the rule is, where a body is called upon to vote upon a question and the "ayes" are put, and the "noes" are put, and there is no dissenting vote, that that vote should be treated as unanimous.] (Ninth assignment of error.)

If such a contract were so made and ratified, the simple fact that the action of the board was not entered upon the minutes, cannot now be set up to defeat the liability of the school district, and if they have failed to perform their agreement they may now be required to compensate the plaintiff for the damage actually sustained by her.

The measure of such damage will be the amount of salary which she was entitled to receive, and of which she was deprived by the action of the defendant.

We think, gentlemen, that you should deduct from that the salary for one month, claimed in her suit before 'Squire Robertson, that it was substantially the same cause of action *pro tanto* as is presented here in this court the reason for that decision, its correctness is a matter that we have nothing to do with.

This case is to be decided upon the evidence here, in this court, and upon the law as laid down here, without any reference to what may have been done in the same case, at some other time. We know nothing about the evidence that may have been introduced at that time.

That would give to Miss Mercer, if you find a contract made, as suggested here in this proposition to you, ratified by the board as we have suggested, it would entitle her to receive under this evidence, we think, compensation for two months, at the rate of twenty-six dollars a month, which would be fifty-two dollars, with interest from the end of the term, which would be the first of April, 1885.

[If you find that the contract was for only four months, or if you find that no contract was made and ratified by the

5 AMERMAN—36

board, in the manner in which we have suggested, and she has been paid for the time she actually served as teacher, then your verdict would be for the defendant in the case.] (Tenth assignment of error.)

Now, gentlemen, take the case and dispose of it in such a way as to do right and justice between these parties.

Verdict for the plaintiff in the sum of $83.07 and judgment thereon, whereupon the defendant took this writ and filed, *inter alia,* the above assignments of error.

*George S. Purdy* (*F. P. Kimble* with him), for plaintiff in error.—To make out a case the plaintiff must show that she was employed as required by the Act of April 11th, 1862.

This Act must be strictly complied with : Cascade School District *v.* Lewis School District, 7 Wr., 318 ; School District of Dennison *v.* Padden, 8 Norris, 395.

*H. Wilson* (*W. H. Dimmick* with him), for defendant in error.—Both the school board and the people of the sub-district certainly regarded the plaintiff as having been employed by the authority of the board. The people sent their children to her school ; the board, regarding their action in the matter as having legally provided the school with a teacher, took no further steps to that end ; and the president and secretary drew the orders for her wages, and the treasurer paid her. Everything proceeded as if she had been regularly employed, and every director would unquestionably have said, if inquiry on the subject had been made, that she had been employed by an authority which the board regarded as sufficient, in fact and in law. Mr. Pethick, through whom the business was conducted on the part of the board, certainly understood that he had authority to employ her—as much authority, in fact, as there was for the employment of any teacher in the district.

Whether the action of Pethick was under an authority previously given by the board,—or whether, taken without such authority, it was afterward ratified,—the effect is the same ; it being undeniable that, in law, subsequent ratification is equivalent to antecedent authority. If the board had power to employ a teacher through an agent, then Miss Mercer was employed. The contract for her employment cannot be impeached, except by denying to a school board the right to contract through an agent.

The case of Dennison School District *v.* Padden, 89 Pa. St., 395, was widely different from the present one. In that case, the contract was made by the president and secretary of the board, without authority of any kind. It does not appear that

the board had authorized them to act in the matter, nor that they had ever reported their action to the board. But in the case before us, the board authorized the employment of teachers, in the several sub-districts, through the agency of the directors who resided in such sub-districts.

The minutes are neither the only evidence, nor the best evidence of the action of the board : School Directors *v.* McBride, 22 Pa. St., 218.

Mr. Justice STERRETT delivered the opinion of the court, March 7th, 1887.

If we adhere to the principle recognized in Cascade School District *v.* Lewis School District, 43 Pa., 318, and the construction heretofore given to the Act of April 11th, 1862, in Dennison School District *v.* Padden, 89 Id., 395, and other cases, it is very clear that plaintiff below failed to sustain her claim for damages against the School District, defendant, for refusing to permit her to teach during the last three months of the school year 1883–4. Her contention was that she had been duly appointed teacher of the "Glass Factory" school for the full term of seven months, and after serving four months, for which she was paid, the School Board unjustly refused to permit her to teach any longer. The refusal of the Board to retain her as a teacher, after the expiration of the first four months, was not controverted ; but it was denied that she had ever been employed for the last three months. It was therefore incumbent on her to prove that she had been so employed ; and, for that purpose, testimony, consisting chiefly of loose declarations of members of the School Board, was introduced and submitted to the jury. It is unnecessary to refer specially to the testimony on which she relied. There was nothing in the minutes of the School Board to show that she had been duly appointed teacher for the three months in question. Tested by the ruling of this court in Dennison School District *v.* Padden, *supra*, the evidence, bearing on the controlling question of fact in issue, was wholly insufficient to warrant the jury in finding any such contract as that alleged by plaintiff below ; and defendant's third point for charge, viz. : "Under all the evidence in the case, the verdict must be for defendant," should have been affirmed.

The Act of 1862, Purd., 242, pl. 36, declares, " no tax for school or building purposes shall be levied, no resolution shall be adopted for the purchase or sale of any school real estate, no school house shall be located or its location abandoned or changed, no teacher shall be appointed or dismissed," etc., " except by the affirmative votes of a majority of the whole number of directors or controllers thereof ; and, in each

of said cases, the names of the members voting, both in the affirmative and negative, shall be so entered on the minutes of the Board by the secretary," etc. In the case last cited, we held, for reasons stated in the opinion of our brother GORDON, that, in the selection of school teachers, the provisions of this Act must be strictly complied with; and we are not disposed to recede from that position. They are wise and wholesome provisions intended to correct gross abuses which had gradually crept into the administration of our school system, and hence it is not requiring too much to insist on a substantial compliance with the spirit if not the very letter of the Act.

It is unnecessary to notice the assignments of error separately. The vice that pervaded the trial was, first, the admission of testimony which, in view of the express requirements of the Statute, was irrelevant and incompetent; and, second, the submission of the case to the jury upon incompetent and insufficient evidence, and under instructions which practically permitted them to guess at what may have been the unrecorded action or intention of the respective members of the School Board in regard to the employment of plaintiff below.

Judgment reversed.