## Comrey to use *v.* East Union Township, Appellant.

*Practice, C. P.—Parties—Order of commissioner of the state road.*

The holder of an order upon the township treasurer by the commissioners of the state road under the act of April 7, 1873, cannot sue in his own name, although the order is drawn to the contractor " or bearer." Where a suit was begun in 1875, by the holder of an order, the record cannot be amended in 1901, so as to make the legal party the plaintiff, inasmuch as his right is barred by the statute of limitations.

*Practice, C. P.—Notice—Amendment.*

No amendment of the record of a case, which is more than merely formal, should be allowed without notice to the opposite party.

Argued Feb. 19, 1902.   Appeal, No. 401, Jan. T., 1901, by defendant, from judgment of C. P. Schuylkill Co., March T., 1875, No. 789, on verdict for plaintiff in case of Andrew Comrey to use of Ephraim Barlow, now to use of Samuel A. Beddall, Executor of Thomas Beddall, Deceased, v. East Union Township.   Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ.   Reversed.

Assumpsit on orders issued by the commissioners of the state road.   Before Shay, J.

At the trial it appeared that the suit was begun in 1875 by Ephraim Barlow.   In 1901, the record was amended so as to substitute Andrew Comrey as the legal plaintiff.   It appeared that the orders on which the suit was brought were made payable to Andrew Comrey.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $8,852.81.   Defendant appealed.

*Errors assigned* among others were (2) in allowing the amendment; (8) in refusing binding instructions for defend- · ant.

*Samuel H. Kaercher* and *S. Burd Edwards*, with them *Daniel W. Kaercher*, for appellant.—An amendment to a declaration will not be allowed if the new cause is so old, as to have been barred by the statute of limitations: Wright v. Hart's

Admr., 44 Pa. 454; Smith v. Smith, 45 Pa. 404; Tyrrill v. Lamb, 96 Pa. 464; Riley v. Prudential Ins. Co., 12 Pa. Superior Ct. 561; Kille v. Ege, 82 Pa. 102; Philadelphia v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 11 Pa. Dist. Rep. 34; Noonan v. Pardee, 200 Pa. 474.

*H. O. Bechtel* and *James B. Reilly*, with them *E. A. Beddall*, for appellee, cited as to the amendment: East Union Twp. v. Ryan, 86 Pa. 459; Wilhelm's App., 79 Pa. 120; Coxe v. Tilghman, 1 Wharton, 287; Rodrigue v. Curcier, 15 S. & R. 83; Erie City Iron Works v. Barber, 118 Pa. 6; Seipel v. Baltimore, etc., Extension R. R. Co., 129 Pa. 425; Susquehanna Mut. Fire Ins. Co. v. Clinger, 10 Pa. Superior Ct. 92; Kaylor v. Shaffner, 24 Pa. 489; Downey v. Garard, 24 Pa. 52; Gotshall v. Langdon, 16 Pa. Superior Ct. 158; Shamokin Valley, etc., R. R. Co. v. Malone, 85 Pa. 25; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616; Collins et al. v. Barnes, 130 Pa. 356; Shaffer v. Eichert, 132 Pa. 285; Thorton v. Britton, 144 Pa. 127; Weaver v. Iselin, 161 Pa. 386.

OPINION BY MR. JUSTICE MITCHELL, May 5, 1902:

It was decided in East Union Twp. v. Ryan, 86 Pa. 459, that the holder of an order upon the township treasurer, by the commissioners of the state road under the act of April 7, 1873, could not sue in his own name, although the order was drawn to the contractor "or bearer." As that decision was upon an order in the same form and under the same statute, there is no room for distinction and it is conclusive in the present case. None of the subsequent decisions on the same act have any bearing on this point.

There was therefore no suit in which any recovery could be had against defendant on these orders until 1901, twenty-seven years after their date, and twenty-six years after the issue of the summons in this case. The new plaintiff then introduced was the legal party in whose right recovery must be had if at all, and he was long barred by the statute of limitations. The amendment putting him on the record was therefore in serious derogation of the defendant's right and should not have been allowed.

It may be observed that this amendment appears to have

been allowed without notice to defendant. Even if the amendment was in itself proper, this was erroneous practice. No amendment which is more than merely formal should be allowed without notice.

Judgment reversed.