# Weiler v. Weiss, Appellant.

*Practice, C. P.—Amendment—Demurrer.*

Where upon motion to strike off, or other proceeding having that object in view, the opposite party has been heard as to the propriety of the amendment, the fact that he did not have notice of the original application to amend will not, of itself, entitle him to a reversal of the judgment. The action of the court, in such case, in declining to strike off the amendment will be treated, on appeal, as equivalent to an allowance of the amendment, and will be judged of accordingly.

At the trial of an action of assumpsit there was evidence that the defendant had received the personal property of his son, and in consideration thereof had agreed to pay a debt of his son to the plaintiff. The jury found for the plaintiffs. A motion for a new trial was made, and an examination of the statement showed that it did not contain an averment of liability on this ground. A new trial was granted, and plaintiffs then amended their statement so as to set forth the liability proved at the trial. The defendant demurred to the amended statement alleging that it set forth no cause of action, and was insufficient in law to maintain the action. The court overruled the demurrer, and entered judgment for plaintiffs without giving the defendant an opportunity to plead over. *Held*, that the court committed no error.

Argued April 4, 1904. Appeal, No. 100, April T., 1904, by defendant, from order of C. P. No. 3, Allegheny Co., Feb. T.,

1902, No. 650, overruling demurrer in case of Emanuel Weiler and Abram Weiler, trading as Weiler Brothers, v. Theodore Weiss. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Demurrer to amended statement.

McCLUNG, J., filed the following opinion:

[This case was tried on January 29, 1903. There was testimony to the effect that defendant in various ways assumed liability for the present claim of plaintiffs, which was for liquors sold to defendant's son. The jury was instructed that as to other promises or alleged promises the statute of frauds forbade a recovery, but that if they believed the testimony to the effect that if there had been an arrangement between the various parties by which defendant received personal property of his son, and in consideration thereof agreed to pay this debt to plaintiffs, then plaintiffs could recover.

Upon this issue the jury found for the plaintiffs.

When a motion for a new trial was made, an examination of the statement showed that it did not contain an averment of liability on this ground; and although the testimony was not objected to, it was considered that under all the circumstances the defendant might have been misled, and a new trial was granted.

Plaintiffs then amended their statement, averring (with some redundant matter) the ground of liability before submitted to the jury.] [3]

The defendant might have pleaded to the amended narr. or he might have gone to trial on it without filing any additional plea.

[He chose, however, to demur. The facts averred by the narr. and admitted by the demurrer, certainly show defendant's liability, and the decision upon the demurrer must be against him.

In addition, it seems plain, under the circumstances above detailed, that he should not be permitted to withdraw his demurrer and go to trial.

He proceeded with his eyes wide open, and in addition the very issue which would now be tried, were the demurrer with-

drawn, was once submitted to a jury and decided against the defendant.] [4]

[And now, to wit: October 28, 1903, it is ordered that judgment be entered on the demurrer in favor. of plaintiffs and against defendant for the amount of the claim as set forth in the statement.] [6]

*Errors assigned* were (3, 4, 6) portions of opinion as above, quoting them.

*L. C. Barton*, with him *Albert H. Moeser*, for appellant.—In allowing an amended statement to be filed, without notice, has been held to be error as late as 1902, in Comrey v. East Union Twp., 202 Pa. 442.

In filing his demurrer, defendant followed the practice as laid down by this court in Little v. Fairchild, 10 Pa. Superior Ct. 211, 195 Pa. 614.

A demurrer whenever interposed reaches back and seizes hold of the first defective pleading : Wyoming County v. Bardwell, 84 Pa. 104 ; Com. v. P. & C. R. R. Co., 58 Pa. 26 ; Clearwater v. Meredith, 68 U. S. 25.

*L. K. Porter*, with him *Alfred Cahen* and *S. G. Porter*, for appellee.

PER CURIAM, May 19, 1904 :

On July 18, 1903, by leave of court, the plaintiffs filed an amended statement. On July 22 the defendant filed a demurrer thereto, in which he alleged, inter alia, that the amended statement was permitted to be filed without notice to the defendant or his counsel. In the recent case of Comrey v. East Union Township, 202 Pa. 442, it was held that no amendment of the record of a case, which is more than merely formal, should be allowed without notice to the opposite party. But where upon motion to strike off, or other proceeding having that object in view, the opposite party has been heard as to the propriety of the amendment, the fact that he did not have notice of the original application to amend will not, of itself, entitle him to a reversal of the judgment. The action of the court, in such case, in declining to strike off the amendment, will be

treated, on appeal, as equivalent to an allowance of the amendment, and will be judged of accordingly.   This being so, the question before us is whether the amendment was allowable under our liberal statutes upon that subject.   Upon that question we have no doubt.

But it is argued that the demurrer was special and was filed solely for the purpose of raising the question as to the power of the court to allow the amended statement to be filed, therefore, the court erred in entering judgment on the demurrer for the amount of the plaintiff's claim.   This argument is based on erroneous premises.   The second and third causes assigned for demurrer were, that the statement " alleged no cause of action against the defendant," and that it " is not sufficient in law to maintain plaintiff's action."   The defendant thereby asked the judgment of the court upon the right of the plaintiff to recover, assuming the facts alleged in the statement to be true and capable of proof.   The court was clearly right, therefore, in determining that question, as well as the question as to the permissibility of the amendment.   The defendant is not in a position to complain that the court did not confine its decision to the latter question.   Nor was there error in holding that the amended statement set up a good cause of action, and in the manner of stating it was in substantial compliance with the act of 1887.

Granting that the learned judge had discretionary power, upon overruling the demurrer, to permit the defendant to plead issuably to the amended statement, he was not bound to do so, and in the opinion filed by him we think he gives a very good reason for entering final judgment upon the demurrer and ending the litigation.   The argument in support of the third and fourth assignments of error is based on the mistaken assumption of counsel that in determining the question raised by the demurrer the court took into consideration facts developed on the former trial.   But the allusion in the opinion as to the former trial were manifestly not made for that purpose, but for the purpose of showing that the defendant, having had one trial on the merits of " the very issue which would now be tried," was not in a position to ask, either as of grace or of right, to plead over or to go to a jury trial upon the plea to the original statement, after the decision upon the demurrer was against him.

247, (1904).]                    Opinion of the Court.

We add that the record fails to show that such request was made.

All the assignments are overruled and the judgment is affirmed.