## Milford Township School District, Appellant, *v.* Speicher.

*School law—Attendance of pupils in district other than domicile —Payment for tuition—Minutes—Resolutions of board—Act of May 8, 1854.*

Directors of a school district, who have repaid to a parent domiciled in the district moneys which he had voluntarily paid out to another school district for the tuition of his children, will be surcharged with such payment, where there is nothing in the minutes of the board of either district showing any resolution, contract or arrangement relating to such tuition or payment therefor.

Argued May 13, 1915. Appeal, No. 143, April T., 1915, by plaintiff, from judgment of C. P. Somerset Co., Sept. T., 1911, No. 161, in case tried by court without a jury in suit of Milford Township School District v. Morris W. Speicher, Mahlon J. Meyers, Huldah Brant and Chas. Brant, Administrators of William J. Brant, deceased, and Austin W. Miller. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Appeal from report of township auditors surcharging the school directors of Milford Twp. School District for moneys illegally paid.

The case was tried by RUPPEL, P. J., without a jury under the Act of April 22, 1874.

The opinion of the Superior Court states the facts.

*Errors assigned* were in overruling exceptions to report of township auditors.

*J. A. Berkey,* with him *C. L. Shaver,* for appellant, cited: Freeman v. School Directors, 37 Pa. 385; Com., ex rel., v. Penns Twp. School Directors, 31 Pa. C. C. R. 552; Cascade School District v. Lewis School District, 43 Pa. 318.

*Norman T. Boose,* for appellee, cited: Wertz v. Oliver Twp. School Dist., 43 Pa. Superior Ct. 1; Danville State Hospital v. Bellefonte Borough, 163 Pa. 175; Roland v. Reading School District, 161 Pa. 102; Fisher v. South Williamsport Borough, 1 Pa. Superior Ct. 386; Cooper v. Plymouth Twp. School Dist., 39 Pa. Superior Ct. 485.

OPINION BY HENDERSON, J., October 11, 1915:

The payment with which the appellees were surcharged was made to George J. Hay whose children attended the public school in the Borough of Rockwood their residence being in Milford Township. The school which they attended was not a high school but was said to be more convenient for them because of the condition of the road leading to the township schoolhouse although it was nearer to their residence than the borough school. Mr. Hay paid the bill of the borough for tuition for his two daughters for the school year 1908-1909 and the school year 1909-1910 amounting to $34.48. The minutes of the Milford Township School District for October 31, 1908, show the action of the school board permitting certain children to attend the borough schools and excluding all others. The Hay children were not among those admitted to the school. At a special meeting of the directors of the township held September 5, 1910, Mr. Hay presented a bill for the amount of tuition paid by him to the Rockwood district. A motion was passed

that the bill be paid. The minutes do not show the names of the directors who voted for or against the motion. At the next regular meeting of the board, December 17, 1910, a motion was passed to reconsider the action taken at the special meeting to pay the Hay bill. The question of payment was again presented in a motion and carried and an order issued in favor of Mr. Hay for the amount he had theretofore paid to the Rockwood Borough district. It was found by the learned trial judge that neither the minutes of the school board of Milford Township nor of the Borough of Rockwood show any contract between the two school districts for the admission of pupils from Milford Township to the borough schools during any of the years from 1891 down to the time of trial. The minutes of the township school district from 1891 to 1900 were not produced at the trial. It was not alleged, however, that they contained any contract bearing on the subject. The authority for the admission of pupils from one district to the school of another at the time when the Hay children attended the Rockwood school was Sec. 23 of the Act of May 8, 1854, P. L. 617, which provides among other things that "if it shall be found that on account of great distance from, or difficulty of access to, the proper schoolhouse in any district some of the pupils thereof could be more conveniently accommodated in the schools of an adjoining district it shall be the duty of the directors or controllers of such adjoining districts to make an agreement by which such pupils may be instructed in the most convenient school of the adjoining district; and the expense of such instruction shall be paid as may be agreed upon by the directors or controllers of such adjoining district by resolution or arrangement entered upon the minutes of the respective boards." This section clearly provides that in order to charge the expense of instruction in one district to another district there shall be an agreement between the directors of such districts evidenced by resolution or arrangement entered upon the minutes of the

respective boards.  Under ordinary circumstances the pupils of each district attend the schools of that district and the cost of their tuition is provided for by the school directors of the district.  The subject is regulated by statute and the authority to transfer attendance from one district to another is statutory.  Where therefore a particular method of procedure is provided for and the conditions are prescribed under which a pupil from one district may attend a school in another district the requirements of the statute must be observed.  As there was no action of either board of school directors in the present case "by resolution or arrangement entered upon the minutes" it is manifest that the borough district could not have maintained an action against the township district for the tuition of the Hay children.  If liability existed at all it existed by force of the statute and this not having been complied with no responsibility rested on the township district.  It was said in Cascade School District v. Lewis School District, 43 Pa. 318, that if one district is to be charged with the expense of educating the children of an adjoining district it must be done in the manner the statute provides and the resolution or agreement must be entered upon the minutes of the respective boards.  Out of nothing less than this can pecuniary liability for such service result.  The learned trial judge holds that neither the borough district nor Mr. Hay could have enforced payment of the claim, but he makes a distinction where the directors in the exercise of their discretion and acting in what they believed to be the best interests of the district paid the bill and the question comes up in an attempt to surcharge them for having made an illegal payment.  The fact that they paid the money voluntarily and in good faith is held to be an equitable reason why they should not be made liable.  But where they are dealing with trust funds and their authority is prescribed by statute there is no place for the application of what may be regarded as equitable principles.  As was said in Cascade School District

v. Lewis School District, supra, "all equities and implied liabilities are excluded because the requisition is statutory." If they are to be justified on the grounds of good faith any payment made in the belief that it was for the interest of the school district might be supported although it lacked justification in the permission of any statute. The school directors are invested with a limited discretion and have authority within this limit to act through agents and create implied liabilities. The case cited by the learned judge of the court below of a teacher hired without the required record on the minutes of the board is of that character: Dennison Twp. School District v. Padden, 89 Pa. 395. The right to recover was not because of the validity of the contract but because the school district had without objection received the services for the time. The teacher could not insist, however, on employment to the end of a term for the reason that there was no enforceable contract. The Rockwood district had no legal demand against the Milford district. Much less had Mr. Hay who had voluntarily paid the tuition of his children in the borough. A legal justification of the disbursement to Mr. Hay was lacking therefore. The directors could not give away the public money nor apply it in what they considered an equitable manner.

We are constrained, therefore, to reverse the judgment and remit the record with instructions to enter judgment in accordance with this opinion.