# Jackson, Assignee, Appellant, *v.* Conneautville Borough School District.

*School law—Indebtedness of school district—Vote of school board —Constitutional limitation—Act of May 18, 1911, P. L. 330, section 403.*

1. Acts of a school board of which there is no record of any affirmative vote relating thereto, are in violation of section 403 of the Act of May 18, 1911, P. L. 330, and void.

2. A school district is not liable on promissory notes signed by the president and secretary of the school board where there is no record of the board authorizing the borrowing of money or the execution of such notes.

3. Even if the district received the proceeds of such notes it would not be liable, if it appears that their issue was in violation of article IX, section 8 of the Constitution relating to the increase of municipal indebtedness beyond certain specified limits.

4. A school district is not liable for debts contracted in excess of the constitutional limit, where it has taken no step by tax levy or otherwise to create a current fund for repayment of such debts, and has no means of so doing.

5. If the district is sued for such debts the burden is upon it to prove its indebtedness exceeded the constitutional limit when the debts were created.

6. A municipality may create debts within its current revenues regardless of existing indebtedness, but cannot go beyond, even where payment is to be made solely out of a specially designated income.

*Practice, C. P.—Action on township or school district warrants —Parties—Trial by court without jury—Reopening case—Amendment—Abuse of discretion.*

7. An assignee of ordinary township or school district warrants cannot maintain an action thereon in his own name.

8. Where the court has entered judgment on a case tried without a jury, and thereafter has refused a motion to file an amended statement and for a rehearing, such refusal will not be reversed on appeal where no manifest abuse of discretion is shown.

Argued April 30, 1924. Appeal, No. 56, Jan. T., 1925, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1922, No. 62, for defendant in case tried by court

without jury, in suit of Frank W. Jackson, Assignee in trust for creditors of Paul Sturtevant et al., doing business as the Bank of Conneautville, and individually, v. School District of the Borough of Conneautville. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on promissory notes.
Trial by court without jury. Before PRATHER, P. J.
The opinion of the Supreme Court states the facts.
Judgment for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Frank J. Thomas,* with him *Paul E. Thomas,* of *Thomas & Thomas,* for appellant.—The payment of current expenses would not create an indebtedness within the provisions of the Constitution: Schilling v. Twp., 260 Pa. 113; Wade v. Boro., 165 Pa. 479.

The burden of showing that the indebtedness was not within the power of the school board to create is on defendant alleging the same: Addyston Pipe & Steel Co. v. City, 197 Pa. 41; Rettinger v. School Board, 266 Pa. 67.

The purpose for which the indebtedness is created and the fund used is for the school board and not for the electors: Major v. Boro., 209 Pa. 247; Barr v. Phila., 191 Pa. 438.

Where a municipality creates an indebtedness in excess of its legal power, or if the electors have authorized an indebtedness beyond their legal power so to do, the same is good up to the legal limit: Parkinson v. City, 85 Pa. 313.

Recovery may be had for an honest claim, though not incurred in the form prescribed by law: Hallock v. Lebanon, 215 Pa. 1; Lancaster School District v. Lam-

precht Bros. Co., 198 Pa. 504; Rainsburg Boro. v. Fyan, 127 Pa. 74; Gable v. Altoona, 200 Pa. 15.

It is the policy of the law to encourage a rehearing if it be necessary to present facts which should be considered in order to properly dispose of the case: Luks v. Blatt, 65 Pa. Superior Ct. 564; Dunlap v. Spiese, 250 Pa. 394; Lytle, Campbell & Co. v. Somers, Fitler & Todd Co., 276 Pa. 409.

*C. Victor Johnson,* for appellee.—The power of a school board to create debt without a vote of the electors authorizing it is exhausted when the aggregate indebtedness reaches the 2% limit: Bell v. Boro., 195 Pa. 299; Kreusler v. School Dist., 256 Pa. 281.

A borough council cannot, after the increase of its indebtedness is authorized by a popular vote so cast, divert the money from the purpose for which they declared it was to be used: Major v. Boro., 209 Pa. 247.

The execution of the notes by the president and secretary of the school board without having been authorized by the school board to do so, and without there having been an affirmative vote of a majority of the members of the board of school directors duly recorded, showing how each member voted, was in violation of section 403 of the school code of 1911, P. L. 330, and the notes were void and unenforceable against the school district: Waltman v. School Dist., 64 Pa. Superior Ct. 458; Cascade School Dist. v. School Dist., 43 Pa. 318; Addis v. City, 85 Pa. 379; Ayers v. City, 10 Pa. Superior Ct. 559; Mauch Chunk Twp. School Dist., 75 Pa. Superior Ct. 434; Heisey v. Risser, 3 Pa. Superior Ct. 196; Dennison Twp. v. Padden, 89 Pa. 395; Dyberry School Dist. v. Mercer, 115 Pa. 559; Whitehead v. School Dist., 145 Pa. 418; Strathern v. Gilmore, 184 Pa. 265.

OPINION BY MR. JUSTICE WALLING, May 28, 1924:

On January 30, 1922, a private banking institution, located in Crawford County and known as "The Bank

of Conneautville," made an assignment to Frank W. Jackson for benefit of creditors. At that time the defendant, a school district of the fourth class, was ostensibly indebted to the bank in the sum of $35,812.57, made up as follows: an overdraft of $194.25 as of January 30, 1922, and of a series of notes of the School District of Conneautville, payable to said bank, in amounts and dates as follows: Jan. 1, 1917, $3,500; March 30, 1917, $1,200; April 30, 1917, $1.500; June 25, 1917, $1,300; March 13, 1919, $2,500; June 3, 1919, $2,500; October 20, 1919, $3,000; December 23, 1920, $20,000; December 16, 1918, $118.32. A suit thereon brought by the assignee was by agreement tried before the court without a jury, and, in due course, resulted in a final judgment for defendant; from which plaintiff has appealed. The notes declared upon were executed by the president and secretary of the school board, but no action of the board of school directors was ever taken authorizing the borrowing of the money, or the execution of the notes in question, and hence there was no record made or recorded of any affirmative vote relative thereto. We agree with the trial court that the notes so issued were void and unenforceable against the district. Section 403 of the Act of May 18, 1911, P. L. 330, known as "The School Code," provides: "The affirmative vote of a majority of all the members of the board of school directors in every school district in this Commonwealth, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects: ......creating or increasing any indebtedness;...... establishing additional schools or departments." It has been repeatedly held that the acts of a school board done in violation of the above quoted provision of the statute, which is a reënactment of the Act of April 11, 1862, P. L. 471, are void: Dyberry School Dist. v. Mercer, 115 Pa. 559; Strathern v. Gilmore, 184 Pa. 265; Waltman v. Albany Twp. School Dist., 64 Pa. Superior Ct. 458; McCandless v. Summit Twp. School Dist., 55 Pa. Supe-

rior Ct. 277; and see Long v. Lemoyne Boro., 222 Pa. 311; Eddy et al. v. Boro. of Ashley, 281 Pa. 000.

It is strenuously contended for plaintiff that, inasmuch as the defendant received the proceeds of the notes, a recovery should be allowed for money had and received. It may be pertinent to say that plaintiff's statement makes no such claim, and, except possibly as to the first loan, it could not avail if it did, for there is no implied contract to pay a debt created in violation of the Constitution (Kreusler v. McKees Rocks Sch. Dist., 256 Pa. 281; Thomas v. City of Richmond, 79 U. S. 349), and the fatal outstanding objection to plaintiff's claim is that it is founded upon loans made to the defendant in manifest violation of article IX, section 8, of the state Constitution, which provides that: "The debt of any county, city, borough, township, school district or other municipality or incorporated district, except as herein provided, shall never exceed seven per centum upon the assessed value of the taxable property therein, nor shall any such municipality or district incur any new debt, or increase its indebtedness to an amount exceeding two per centum upon such assessed valuation of property, without the assent of the electors thereof at a public election in such manner as shall be provided by law." At the time each loan here in question was made, except the first, the indebtedness of the defendant was beyond the constitutional limit. In 1917 the assessed value of the taxable property in defendant school district was $231,-694, which, at the two per cent limit, authorized an indebtedness of $4,633. At that time its interest bearing debt was $8,500. Approximately the same condition existed in 1918. In 1919, the assessed value of its taxable property was $276,664, which authorized an indebtedness of $5,532, while its interest bearing debt was $13,500. In 1920 the assessed value of its taxable property was $276,185, which, at the same rate, authorized an indebtedness of $5,523, while its interest bearing debt was $16,618. In the last named year the electors, for

the first time and for the express purpose of building an addition to the school house, voted an increase of indebtedness up to seven per cent, making the authorized amount $19,332. In 1921, the assessed value of the district's taxable property was $322,874, which at seven per cent authorized an indebtedness of $22,601, while its interest bearing debts were $48,018. The statements given above for the years 1917-1921, inclusive, are the facts as found by the lower court from the evidence and need no comment. One who deals with a school district, or any municipality, must do so in recognition of its constitutionally limited power to create indebtedness.

It is urged for plaintiff that the funds for which the notes were given were advanced by the bank in cashing warrants which defendant issued in good faith for current expenses and did not amount to an intentional, or unlawful, increase of indebtedness, and that the case falls within the rule stated in Addystone Pipe & Steel Co. v. City of Corry, 197 Pa. 41, Gable v. Altoona, 200 Pa. 15, Rettinger v. Pittsburgh S. Board, 266 Pa. 67, to the effect that where the municipality at the time of incurring the obligation provides in good faith for its payment from taxes assessed or other current revenues, which provision fails by reason of some unexpected occurrence, the obligation is collectable although the effect may be to increase the municipal indebtedness above the constitutional limit. The instant case, however, does not fall within that rule, for the school district took no step by tax levy or otherwise to create a fund for repayment of the loans in question, and had no means of so doing. In fact, the taxing power of the district and all other sources of income were wholly insufficient to defray current expenses and repay the loans. For example, take the year 1919, when the total receipts of the district from all sources were $9,272, and had the tax levy been the limit then allowed by law (20 mills) could not have exceeded $11,888, all told, while the current expenses were $14,686. It will be recalled from the figures

first above given that the district's interest-bearing indebtedness was increasing from year to year, and in 1921, amounted to about fifteen per cent of the assessed value of its taxable property. The authorities last above cited place the burden upon the municipality of proving its indebtedness exceeded the constitutional limit when the debts in question were created. In the case in hand the trial court finds upon undisputed evidence that such burden was met.

Of course, a municipality may create debts within its current revenues, regardless of existing indebtedness: (Appeal of the City of Erie, 91 Pa. 398; Wade et al. v. Borough et al., 165 Pa. 479), but cannot go beyond, even where payment is to be made solely out of a specially designated income: Lesser v. Warren Boro., 237 Pa. 501; McKinnon v. Mertz, 225 Pa. 85; Brown et al. v. Corry, 175 Pa. 528; and see City of Santa Cruz v. Wykes et al., 202 Fed. 357, 375. A municipality must live within its means and can no more increase its indebtedness, beyond its actual or expected annual income, for payment of current expenses, than for any other purpose. It is the increase of indebtedness that is forbidden regardless of the object to be accomplished thereby. In 1920, the electors of the defendant district could have validated the existing indebtedness up to seven per cent (Rettinger v. Pittsburgh S. Board, supra; Bell v. Waynesboro Borough, 195 Pa. 299), but instead voted to increase the borrowing power of the district to that limit to build an addition to the school house. The fund so obtained could be used for no other purpose: Major v. Aldan Boro., 209 Pa. 247. In fact, pursuant to such election, bonds to the par value of $12,500 were issued to raise funds to build the addition. Possibly some of the bank's $20,000 loan of December, 1920, was used for the same purpose, but that is not clear, and, in any event, the district's indebtedness was then above the seven per cent limit.

Twelve days after the trial court had entered final judgment for the defendant, the plaintiff moved for leave to file an amended statement of claim, basing the same upon certain undesignated warrants given by the defendant to various parties for current expenses and cashed by the bank, and later exchanged for the notes in suit, but never in fact paid; and in connection therewith moved for a rehearing that evidence might be taken in support of the claim as so stated. Error is assigned to the refusal of these motions. Trials before the court without a jury conform largely to equity practice (see Lytle, Campbell & Co. v. Somers, F. & T. Co., 276 Pa. 409), but there the trial court is not bound to re-open the case, even after a nisi decree, that plaintiff may retry it upon a new theory: Fell v. Pitts, 263 Pa. 314. Such application, like a motion for new trial, is addressed to the discretion of the lower court and, in the absence of a manifest abuse thereof, which is not shown here, an appellate court will not interfere. In view of the rule that an assignee of ordinary township or school district warrants cannot maintain an action thereon in his own name (First National Bank of Northumberland v. Rush School District, 81* Pa. 307; Township of Snyder v. Boviard, 122 Pa. 442; Maneval v. Jackson Twp., 141 Pa. 426, 435; Comrey v. East Union Twp., 202 Pa. 442), plaintiff's case might not have been improved by the proposed amendment.

The assignments of error are overruled and the judgment is affirmed.