## Fritz v. Fritz.

*R. R. Koch* and *F. P. Krebs*, for libellant.

HICKS, J., July 2, 1928.—This is a libel in divorce on the ground of desertion. Personal service of the *alias* subpœna *sur* divorce was made upon the defendant and an answer filed by him. A master was appointed and testimony taken, the respondent and his witnesses being absent from the hearing. The master recommended a decree in divorce and the entire record was handed to the court for disposition. Upon perusal of the libel in divorce, the court was of the opinion that the reason for divorce, grounded upon desertion, was not substantially set out. The libel describes the grounds of the divorce as follows: "That on or about May 9, 1925, the said respondent, in violation of his marriage vow, wilfully and maliciously deserted the libellant without any just or reasonable cause, and such desertion has persisted in from May 9, 1925, until the present time, and still persists therein." The libel was filed and the subpœna in divorce awarded on June 20, 1927. An examination of the evidence satisfies the court that a desertion which would justify the entry of a decree has been established, but the libel does not allege desertion, either substantially or actually, in the language of the Act of March 13, 1815, 6 Sm. Laws, 286. However, owing to the fact that no cause of action had been set out in the libel, but in the light of the testimony adduced before the master and submitted to the court, the latter withheld final disposition to permit counsel for the libellant to argue a rule to amend the libel so as to set out the ground of desertion exactly or substantially in the language of the statute, we now have before us the disposition of the rule to amend, which was personally served upon counsel for the respondent.

It is well to remember that this is not an *ex parte* proceeding, which differentiates it from the case of Weiss *v.* Weiss, 29 Dist. R. 1000, and the case of Chroust *v.* Chroust, 11 D. & C. 76, both of which were *ex parte* proceedings and amendments disallowed. It is indisputable that the amendment in this case, if allowed, would be substantial and not merely formal in character, and that the amendment of a libel which originally did not set forth a cause of action was in effect a new libel: Chroust *v.* Chroust, *supra;* Maynard *v.* Maynard, 18 Dist. R. 410. No amendment of the record of a case which is more than merely formal should be allowed without notice to the opposite party: Comrey *v.* East Union Township, 202 Pa. 442; Weiler *v.* Weiss, 25 Pa. Superior Ct. 247. In this case, personal service having been made upon the respondent, counsel having entered an appearance for him and filed a power of attorney in accordance with our rules of court, and service having been made upon the respondent by service of the petition and rule for the amendment upon the respondent's counsel on the same day as the rule was granted, although no answer to the rule was filed by him, we see no good reason why an amendment charging desertion, properly made out by the evidence, substantially in the language of the statute, should not be allowed,

since it does not introduce a new cause of action, but rather sets forth in correct legal form the same cause intended to be alleged in the original libel: Maynard *v.* Maynard, *supra.*

The rule to amend the libel is made absolute, and thereupon, the amended libel having been filed and served, further proceedings according to law to be had.

From M. M. Burke, Shenandoah, Pa.