## School District Loans

ARNOLD, Deputy Attorney General, October 27, 1931.—You have asked us to advise you concerning a question submitted to you by the School Board of Latrobe Borough. The board states that collection of school taxes in the borough during this and the coming year is likely to be very difficult, and asks what power it has to borrow money on notes in anticipation of the collection of taxes. Specifically, the board inquires whether it may issue notes payable in one, two and three years, the aggregate amount of the notes not to exceed 2 per centum of the assessed valuation of the taxable property of the borough.

We assume that the purpose of the proposed loans will be to meet current expenses of the school district and not to make permanent improvements. Therefore, our discussion will be confined to a consideration of the extent of the authority of the district to borrow for current needs.

The Supreme Court has said:

"Money borrowed for current expenses must be a sum within the current revenues. Current revenues include taxes for the ensuing year and all liquid assets, such as delinquent taxes, licenses, fines and other revenues which, in the judgment of the authorities, are collectible . . . :" Georges Township v. Union Trust Co., 293 Pa. 364, 369.

Loans for a year or less, to meet current expenses, which, together with other operating expenses, can be paid out of current revenues "due or created within

the year," do not constitute increases of indebtedness under the Constitution: Georges Township *v.* Union Trust Co., 293 Pa. 364, 369; Jackson *v.* Conneautville Borough School District, 280 Pa. 601, 607; Shamokin Banking, etc., Co. *v.* Coal Township Poor District, 13 D. & C. 57, 61.

Such borrowings may be made without respect to the amount of existing indebtedness or the constitutional borrowing capacity of the districts.

Therefore, the districts may issue notes payable within a year in anticipation of current revenues.

Under the Georges Township case, *supra*, 369, 371, it would seem that without statutory authority money could not be borrowed for a period longer than a year to meet current expenses.

Section 508 of the School Code of May 18, 1911, P. L. 309, as last amended by section 12 of the Act of May 29, 1931, P. L. 243, 253, provides as follows:

"Any school district having no indebtedness, or whose indebtedness, incurred or created without the assent of the electors thereof, is less than two (2) per centum of the total valuation of the taxable property for school purposes therein, may, at any time, by or through its board of school directors, incur, in addition to any bonds herein authorized, a temporary debt, or borrow money, which in school districts of the first and second class shall not exceed four-tenths of one (1) per centum, and in school districts of the third and fourth class shall not exceed one (1) per centum of the total amount of taxable property in such school district, and issue an obligation or obligations therefor, under the seal of the district, if any, properly attested by the president and secretary thereof, payable within two years from the date thereof, and bearing interest not exceeding the legal rate, but no such obligation shall be sold for less than par: Provided, that the incurring of any such temporary debt, or borrowing money upon such obligation, shall receive the affirmative vote of not less than two-thirds of the members of the board of school directors therein: Provided further, that the total amount of all indebtedness incurred or created without the assent of the electors in any school district issuing such obligations shall not at any time, including all such obligations, exceed two per centum of the total valuation of the taxable property therein: Provided further, that any school district incurring any temporary debt, and issuing such obligations, in the manner herein provided, shall provide from its current revenue for the payment of the same, except such temporary debt as may be outstanding on December 31, 1930, and which, by the provisions of section 506, may be refunded by an issue of bonds."

This section of the code does not in any way increase the borrowing capacity of the school districts, but it appears to authorize certain borrowings for current expenses to be extended over a period of two years.

Indebtedness incurred under this section of the code for more than a year, of course, is chargeable against the constitutional borrowing capacity of the district, and before the loan may be obtained, the proceedings must be submitted to and approved by the department of internal affairs, under the Act of March 31, 1927, P. L. 91, and its supplement of April 11, 1929, P. L. 516.

Therefore, we advise you that school districts may issue temporary obligations payable within one year out of current revenues to meet current expenses without regard to existing indebtedness or the general borrowing capacity of the districts. Within the limitations fixed by section 508 of the School Code, the districts may borrow for current expenses in anticipation of revenues for two years. There is no authority for the districts to borrow money for current expenses for a longer period than two years.

From C. P. Addams, Harrisburg, Pa.