Bruner to use, *v.* Kendall, Trustee, Appellant.

Argued December 17, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Herbert A. Barton,* with him *Swartz, Campbell & Henry,* and *Hirschwald, Goff & Rubin,* for appellant.

*Josef Jaffe,* for appellee.

OPINION BY KENWORTHEY, J., February 28, 1942:

The facts in this case, as found by the court and made the basis of its decision, are very simple. And if they were the true facts, its conclusion was the only one possible. What the court found was that Bruner, an automobile dealer, sold five automobiles to Boyle and Brookmire, who were apparently sub-dealers, under what now seems to be conceded to have been two conditional sales agreements.[1] The agreement for the sale of one of the automobiles was dated August 20, 1937;

---

[1] Plaintiff in the court below originally contended the agreements were bailment leases, but has now abandoned that position.

the agreement for the sale of the others was dated August 24, 1937. Simultaneously with the sale to Boyle and Brookmire, Bruner assigned his interest in the sales agreements and the collateral notes to the Commercial Banking Corporation, the use-plaintiff. The agreements were not recorded, but, before any of the automobiles had been delivered to Boyle and Brookmire, they defaulted and the Commercial Banking Corporation obtained possession of them from Bruner by replevin. They were replevied on October 27, 1937, and on November 20, 1937, Boyle and Brookmire became bankrupt. The contest thereafter was between Commercial Banking Corporation and the Trustee in Bankruptcy of Boyle and Brookmire.

Assuming these to be the facts, the lower court correctly made a finding in favor of the Commercial Banking Corporation. Without transfer of possession, the conditional sales to Boyle and Brookmire transferred no property in the automobiles available to their creditors. Act of May 12, 1925, P. L. 603, Secs. 1, 2 and 5, 69 PS 361, 381, 402.

But after the court's finding had been entered and an opinion filed, Boyle and Brookmire's Trustee in Bankruptcy filed a petition to reopen the case on the ground he had overlooked the importance of the question of delivery of the automobiles, that at least two of the automobiles had been delivered to Boyle and Brookmire before the writ of replevin issued, and that he should be granted a new trial in order that he might have an opportunity to prove delivery. The appeal is from the dismissal of his exceptions and the refusal of this petition.

As we have indicated, the exceptions were entirely without merit; the only question is whether the lower court abused its discretion in refusing a new trial. The pleadings in the case presented a curious situation. The declaration alleged that all the automobiles had been delivered to Boyle and Brookmire; Boyle and

Brookmire denied the allegation. The effect of this was that both parties took a position with regard to a material question of fact contrary to its own interest. At the trial, counsel for both sides informed the court they did not intend to offer any evidence of delivery. The petition for new trial represented an attempt by appellant to retry the case on a new theory and was addressed to the sound discretion of the court. The court gave careful consideration to it and our inquiry is limited to the question whether it abused its discretion. *Jackson v. Conneautville Borough School District*, 280 Pa. 601, 125 A. 310. In our opinion, no abuse of discretion has been shown.

The order of the court dismissing the exceptions and discharging the rule for new trial is affirmed and judgment is entered on the finding for the use-plaintiff, the costs on this appeal only to be paid by appellant.[2]

---

[2] The lower court's original finding was for the use-plaintiff "but without costs," and since no question has been raised about it, we do not intend to disturb this disposition of the costs prior to the appeal.