## McGuffy Joint Schools v. Morris Township School District

*John J. Hughes* and *Thomas L. Anderson*, for plaintiff.

*McCreight & McCreight,* for defendant.

CARSON, P. J., October 17, 1958. — Plaintiff joint school system filed a complaint in assumpsit against defendant school district, averring, inter alia, that defendant, as a member of said joint school system, had become obligated to pay a portion of the expenses of the joint school system for the school year 1956-1957, and had refused to make payment in the amount claimed. Defendant filed an answer with new matter to which plaintiff has replied. The parties filed a written agreement agreeing to trial without a jury. The trial has been held, the parties, through their counsel, have presented oral arguments and written briefs.

By admissions and stipulations the preliminary question to be determined is a question of law, with the provision that if this determination should be adverse to defendant, further proceedings will be had to de-

termine the amount of the judgment. Counsel, by stipulation at the trial, agreed that findings of fact and conclusions of law would not be submitted by counsel nor found by the court unless the finding on the conclusion of law should be in favor of plaintiff. Since the trial the court has come to the regrettable conclusion that the decision in this case must be in favor of defendant, because of failure to comply with the statutory provision relating to jointures and, therefore, that defendant is not bound by any legally enforceable obligation to participate in the formation and operation of the jointure.

Although it does not directly appear in the record, the inferences from the papers, briefs and arguments and our knowledge of the geography of the district, leave the unavoidable conclusion that the officials of defendant school district, by taking advantage of the technical failure of the several school districts to comply with the law in the first instance, and defendant's subsequent refusal to either ratify the former agreement or execute a new agreement for jointure, isolate and leave this rural area in Washington County in such a position that the children living therein will not have the opportunity of attending school and securing educational advantages comparable to the children residing in the other areas of Washington County. Since the determination of whether to join a jointure is left with the local board of school directors, their apparent desire to segregate the children of this school district into an antiquated school system leaves the county superintendent, the State Department of Instruction and the courts without any means to require that the children of Morris Township School District secure the same educational advantages as other children in this area.

An agreement in writing to establish a joint system was entered into on December 14, 1953, under the Pub-

lic School Code of March 10, 1949, P. L. 30, consisting of seven school districts in Washington County. The joint school system was later established and operated under the name of McGuffey Joint Schools. On April 4, 1955, an alleged "joinder" to the original agreement was signed and attested by the presidents and secretaries of the School Districts of South Franklin and Morris Townships, in pursuance of a resolution passed at special meetings of the Boards of South Franklin and Morris Township School Districts.

On or about August 1, 1955, defendant gave written notice to the joint school committee, notifying plaintiff of the desire of defendant to withdraw from the joint school system as of July 1, 1955. The joint school committee on March 1, 1956, adopted a budget of $565,000 for the proposed expenses for the 1956-1957 school year. Again on or about July 2, 1956, defendant gave written notice to plaintiff of its decision to withdraw from the joint school district. Defendant proceeded to operate as an independent school district for the school year 1956-1957. Plaintiff demanded the sum of $52,262.50 from defendant on or before March 1, 1957, as its proportionate share of expenses for the 1956-1957 school year. Defendant refused and plaintiff filed an action in assumpsit against defendant for said sum. An answer, new matter and reply were filed by the parties, and, upon agreement of the parties, the case is now before the court for decision upon a trial without a jury.

The parties agree that the fundamental issue before the court is whether or not Morris Township School District was a member of the McGuffey jointure during the 1956-1957 school year. Defendant takes the position that it never became a member of the jointure. On the other hand, plaintiff claims that under the "joinder" executed by defendant on April 4, 1955, defendant became and is a member of the jointure.

Does an attempted addition of two new school districts in the manner provided in the "joinder" make defendant a member within the meaning of the statute? The original agreement for the jointure contains paragraph 17, which provides as follows:

"17. These articles of agreement may be modified or supplemented at any time by a majority affirmative vote of each board."

The Public School Code of March 10, 1949, P. L. 30, secs. 1701 through 1708, provides for the only method or means by which a joint school system can be established, changed, operated and discontinued. The legislature provided for changes in a joint school system in section 1703, 24 PS §17-1703, as follows:

"No joint school or department of any kind shall be established, unless the several districts intending to establish the same shall first enter into and record in their respective minutes a written agreement, by and among themselves agreeing that such proposed joint school or department shall be established and maintained by the several districts, in such manner and proportion, and upon such terms as the several districts may then agree upon, and no change shall be made therein without the consent of each school district first obtained, by the affirmative vote of a majority of the school directors thereof."

The addition of two new school districts to the joint system, as was attempted by the "joinder" in question, in our opinion constitutes a "change" within the meaning of the statute. The original agreement contemplated only seven school districts. They are specifically named in the first paragraph of the preamble and again in article 1 of the agreement of December 14, 1955, which reads as follows:

"MADE AND ENTERED INTO this 14th day of December, 1953, by and between the School District of the Borough of West Alexander, School District of

the Borough of Claysville, School District of Blaine Township, School District of Buffalo Township, School District of Donegal Township, School District of East Finley Township and School District of West Finley Township, all in Washington County, Pennsylvania, pursuant to and authorized by Article 17 of the Public School Code of 1949 (Act of March 10, P. L. 30) enacted by the Pennsylvania Legislature."

The fourth paragraph of the preamble provides:

"WHEREAS, each of the said Boards of School Directors did authorize by a majority affirmative vote the execution of the following contract, and thereafter the Joint Board in session by a majority vote of each board did authorize the execution of the following contract, as of the date hereof."

Article 1 limits the area of operation of the joint school system to the seven original districts. Article 7, governing capital outlays, refers to "the above mentioned school districts", i.e., the original seven. Article 10 provides for specific amounts of money to be paid as rentals to three of the seven school districts for the use of certain buildings. In any event, the enlargement of the McGuffey Joint Schools from a body of seven districts to a body of nine districts would be a substantial alteration of its structure. At the very least, it worked a "change" in the original agreement.

It is to be noted that there is no allegation in plaintiff's complaint to the effect that "each school district" which had become a party to McGuffey Joint Schools had agreed to the "joinder" of April 4, 1955, "by the affirmation vote of a majority of the school directors thereof." Indeed there is not even an allegation that the "joinder" was discussed at board meetings of "each school district". Furthermore, neither plaintiff's exhibit A, the original agreement, nor his exhibit B, the purported "joinder", state or imply in any way that

there was compliance with section 1703. The first sentence of the "joinder" provides that the Joint Board of McGuffey Joint Schools approved the admission of Morris Township. But by no stretch of reasoning can such an approval be considered as complying with the statutory requirement that "each school district" consent by the "affirmative vote of a majority of the school directors thereof." Plaintiff may claim that the joint board approval was substantially the same, as majority approvals of "each school district" because article 4 of the agreement provides that the joint school board would be "composed of all the Directors from each of the participating school districts." But such an argument is untenable for two independent reasons. First, a majority vote of the joint board does not imply that there would have been a majority vote of "each school district". It does not so imply as a mathematical proposition, nor as a practical proposition. It is common knowledge that pressures may be exerted so as to obtain a majority vote of a joint body, whereas these pressures could not obtain seven majorities from the seven component bodies. Second, though the "joinder" states that the joint board gave approval, it does not say that this approval was the result of the majority vote of all the directors of the joint board. The approval could have been merely the result of a majority vote of those present at the meeting of the joint board held on February 7, 1955.

It is important to distinguish the power of a joint school system to conduct its normal administrative activities, which does not require a majority vote of "each school district", and the power to change its own structure by changing the agreement that created it: Hunlock Township School District v. Northwest Joint School District of Luzerne County, 380 Pa. 464 (1955). The former situation falls within the scope of section 1704 and 1707, and by implication section 508,

of the 1949 School Code. These sections concern only the voting requirements necessary for the month to month business of school districts and joint school systems. On the other hand, the latter situation, which is the case now before the court, falls squarely within the scope of section 1703.

It must be emphasized that plaintiff's complaint and exhibits contain no allegation to show compliance with section 1703. The seven original school districts have apparently never seen fit to vote on the "joinder" as required by statute, or at least there is no allegation that this has been done. Therefore, the proposed "joinder" falls into the category of an attempted contract entered into by school districts in violation of their statutory authority. As such, it is null and void: Chester School District's Audit, 301 Pa. 203 (1930); Jackson v. Conneautville Borough School District, 280 Pa. 601 (1924); Dyberry School District v. Mercer, 115 Pa. 559 (1887) ; McCandless v. Summit Township School District, 55 Pa. Superior Ct. 277 (1913).

Although plaintiff raises points and issues which might be well taken if defendant was a member of the jointure, in this case they have no merit or weight because the proposed "joinder" is null and void due to the failure of plaintiff to comply with the procedure provided by the legislature in the Public School Code of March 10, 1949, P. L. 30, sec. 1703.

### Conclusion of Law and Decree

And now, October 17, 1958, from the undisputed evidence, the court finds that as a matter of law and fact that plaintiff has not sustained the burden of showing legal liability on the part of defendant school district to pay the moneys claimed by plaintiff in their complaint. Wherefore, a verdict is rendered in favor of defendant and against plaintiff with costs.